MARY KATE SULLIVAN (State Bar No. 180203)
LASZLO LADI (State Bar No. 265564)
ll@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
NATIONSTAR MORTGAGE, LLC; and
BANK OF AMERICA, N.A.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA — SACRAMENTO DIVISION

| | |
|---|---|
| CARTHEL DENNIS BORING, an individual,<br><br>    Plaintiff,<br><br>  vs.<br><br>NATIONSTAR MORTGAGE, LLC, a limited liability company; BANK OF AMERICA, N.A., a national business association; and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 2:13-cv-01404-GEB-CMK<br><br>**NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS COMPLAINT**<br><br>Date: September 9, 2013<br>Time: 9:00 a.m.<br>Crtrm.: 10<br><br>Action Filed: June 24, 2013 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

  **PLEASE TAKE NOTICE** that on September 9, 2013 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 10 of the above-entitled Court, located at 501 I Street, Room 4-200 Sacramento, CA 95814, defendants Nationstar Mortgage, LLC and Bank of America, N.A. (collectively "Defendants") will and hereby do move for an order dismissing Defendants from the Complaint filed by plaintiff Carthel Dennis Boring ("Plaintiff").

  This motion is made pursuant to Rule 12(b)(6) and is based on the grounds that the Complaint and each of its causes of action fails to state a claim against Defendants upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

1    This motion is based on this notice of motion and motion, the memorandum of points and

2  authorities and request for judicial notice filed herewith, the Complaint and all other pleadings and

3  records on file in this action, and upon such other argument as the Court may consider at the

4  hearing on this motion.

5  DATED:  July 22, 2013                    Respectfully submitted,

6                                           SEVERSON & WERSON
                                           A Professional Corporation
7

8

9                                          By:  _____
                                                     /s/ Laszlo Ladi
10                                                   Laszlo Ladi

11                                         Attorneys for Defendants NATIONSTAR
                                           MORTGAGE, LLC; and BANK OF AMERICA, N.A.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND DEFENDANTS' MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ................................................................................................ 1

II.    LEGAL STANDARD .......................................................................................... 1

III.   STATEMENT OF FACTS .................................................................................. 2

IV.    ARGUMENT ...................................................................................................... 3

    A.    Plaintiff's First Cause of Action for Violations of the HBOR Fails to State a Claim Against Nationstar. ................................................................ 3

        1.    Under Section 2924(a), a Notice of Sale Can Be Recorded 5 Days Early. ........................................................................................ 3

        2.    The HBOR Does Not Apply to the Subject Loan. ............................. 4

        3.    Under Section 2923.7, a Single Point of Contact Can Be a Team and Section 2923.7 Does Not Prohibit a Single Point of Contact From Changing. ........................................................................................... 7

        4.    Under Section 2923.6, Plaintiff's Loan Modification Application Was Submitted Prior to the Effective Date of the HBOR and Plaintiff Has Not Alleged Facts Showing a Complete Application Was Sent. ........................................................................................... 8

            (a)    The HBOR Does Not Apply Retroactively to Past Conduct. ........... 8

            (b)    Plaintiff Was Denied in May 2012 and Does Not Allege He Submitted A Complete Application Afterwards. ............................... 9

    B.    Plaintiff's Second Cause of Action Fails to Allege a Breach of the Covenant of Good Faith and Fair Dealing Against Defendants. ............................... 10

        1.    The Right to Payments Accrues to Defendants, Not Plaintiff. .................... 11

        2.    Plaintiff Has Not Alleged Damages Related to Bank of America's Alleged Inducement of Plaintiff's Default. ............................................. 11

        3.    Payment Via Online System or Telephone is a Convenience and Plaintiff Has Not Alleged that Nationstar Rejected All Forms of Payment. ............................................................................................ 12

    C.    Plaintiff's Third Cause of Action for Section 17200 Fails to State a Claim Against Defendants. ............................................................................... 13

        1.    Plaintiff Does Not Plead Facts Establishing Standing. ............................... 13

        2.    Plaintiff Does Not Plead Facts Establishing Predicate Misconduct. ........... 14

V. CONCLUSION .................................................................................................... 14

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Agosta v. Astor*,
   120 Cal.App.4th 596 (2004) ................................................................. 11

*Balistreri v. Pacifica Police Dep't.*,
   901 F.2d 696 (9th Cir.1990) .................................................................. 2

*Barnitz v. Beverly*,
   163 U.S. 118 (1896) ............................................................................... 6

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................... 1

*Brown v. Ferdon.*,
   5 Cal.2d 226 (1936) ................................................................... 4, 5, 6, 7

*Church of Scientology of Cal. v. Flynn*,
   744 F.2d 694 (9th Cir.1984) .................................................................. 2

*Clegg v. Cult Awareness Network*,
   18 F.3d 752 (9th Cir.1994) .................................................................... 2

*Cornwell v. Bank of America*,
   224 Cal.App.3d 995 (1990) ................................................................. 13

*Durning v. First Boston Corp.*,
   815 F.2d 1265 (9th Cir.1987) ................................................................ 2

*Evangelatos v. Superior Court*,
   44 Cal.3d 1188 (1988) ........................................................................... 9

*Fireman's Fund Ins. Co. v. Maryland Casualty Co.*,
   21 Cal.App.4th 1586 (1994) ............................................................... 11

*Hales v. Snowden*,
   19 Cal.App.2d 366 (1937) ..................................................................... 6

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (2009) .......................................................................... 14

*Khoury v. Maly's of Calif., Inc.*,
   14 Cal.App.4th 612 (1993) ................................................................. 13

*Krantz v. BT Visual Images, L.L.C.*,
   89 Cal.App.4th 164 (2001) ................................................................. 14

*Landgraf v. USI Film Product*,
    511 U.S. 244 (1994) ................................................................................ 9

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ................................................................................ 2

*Mack v. South Bay Beer Distributors*,
    798 F.2d 1279 (9th Cir.1986) .................................................................. 2

*McKell v. Washington Mutual, Inc.*,
    142 Cal.App.4th 1457 (2006) .................................................................. 12

*Mclean v. Aurora Loan Servicing*,
    2011 WL 4635027 (S.D. Cal. 2011) ........................................................ 13

*Mullis v. U.S. Bankr. Ct.*,
    828 F.2d 1385 (9th Cir.1987) .................................................................. 2

*Nguyen v. Calhoun*,
    105 Cal.App.4th 428 (2003) .................................................................... 12

*Parks Sch. of Bus., Inc. v. Symington*,
    51 F.3d 1480 (9th Cir.1995) .................................................................... 2

*People v. Duz-Mor Diagnostic Lab Inc.*,
    68 Cal.App.4th 654 (1998) ...................................................................... 14

*Rubio v. Capital One Bank*,
    613 F.3d 1195 (9th Cir. 2010) ................................................................. 14

*S. Bay Chevrolet v. GM Acceptance Corp.*,
    72 Cal.App.4th 861 (1999) ...................................................................... 13

*Schnall v. Hertz Corp.*,
    78 Cal.App.4th 1144 (2000) .................................................................... 15

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir.2001) ................................................................. 2, 3

*Steckman v. Hart Brewing, Inc.*,
    143 F.3d 1293 (9th Cir.1998) .................................................................. 2

*U.S. Fidelity Co. v. Struthers Wells Co.*,
    209 U.S. 306 (1908) ................................................................................ 9

*Von Hoffman v. City of Quincy*
    (1866) 4 Wall. 535 (1936) ...................................................................... 4

*Worthen v. Thomas*,
    292 U.S. 426 (1934) ................................................................................ 5

*Yoshioka v. Superior Court,*
   58 Cal.App.4th 972 (1997) ................................................................................................... 9

**STATUTES**

United States Code
   Title 28
      § 1332 ............................................................................................................................... 1
      § 1441 ............................................................................................................................... 1
      § 1446 ............................................................................................................................... 1

Cal. Civil Code
      § 2923 ............................................................................................................................... 7
      § 2923.6 ................................................................................................................... *passim*
      § 2923.7 ........................................................................................................................ 7, 8
      § 2924 1/2 ......................................................................................................................... 5
      § 2924 ........................................................................................................................... 3, 6
      § 2924.10 .......................................................................................................................... 7
      § 2924.11 .......................................................................................................................... 7
      § 2924.18 .......................................................................................................................... 7
      § 2924f ............................................................................................................................. 4
      § 3 .................................................................................................................................... 8

Code of Civil Procedure
      § 3 .................................................................................................................................... 8
      § 580b .............................................................................................................................. 6

**RULES**

Federal Rules of Civil Procedure
   Rule 12 ............................................................................................................................... 1

**OTHER AUTHORITIES**

S.B. 900, A.B. 278, Laws of 2012 .............................................................................................. 8

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I. INTRODUCTION

Plaintiff Carthel Dennis Boring ("Plaintiff") filed suit against Nationstar Mortgage, LLC ("Nationstar") and Bank of America, N.A. ("Bank of America") (collectively "Defendants") on June 25, 2013 in Butte County Superior Court, California. On July 15, 2013 Defendants removed the case to this Court based on diversity of citizenship pursuant to 28 U.S.C. §§ 1441, 1446, and 1332. The Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because each cause of action against Defendants fails to state a claim upon which relief can be granted.

In essence, Plaintiff seeks to prevent foreclosure proceedings against real property secured by a loan that Nationstar services and Bank of America formerly serviced. Plaintiff alleges certain statutory violations under the California Homeowners' Bill of Rights ("HBOR") and alleges that Bank of America induced him to default on the loan. However, each of the statutory violation allegations are missing essential elements. Moreover, Plaintiff's allegation regarding inducement to default is a defense to contract enforcement not an affirmative cause of action. Additionally, Plaintiff admits he later cured the default. Instead, the foreclosure is proceeding because of a different set of circumstances.

For these reasons, and as more fully explained below, Defendants respectfully request that the Complaint be dismissed.

### II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *id*. at 554–56, 562–63 (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of his claims that would entitle him to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). Thus, the facts pleaded in the complaint must amount to "more than labels and conclusions" or a "formulaic recitation of the

elements of a cause of action." *Id*. at 555.  Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citation omitted).  Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir.1990).

The complaint's factual allegations are accepted as true.  *Church of Scientology of Cal. v. Flynn*, 744 F.2d 694, 696 (9th Cir.1984).  The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor.  *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995).  General allegations are presumed to include specific facts necessary to support the claim.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir.1998).  Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir.1987)).  The court may consider matters of public record, including pleadings, orders, and other papers filed with the court.  *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir.1986).  "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir.1994).  Nor need the court accept unreasonable inferences, or unwarranted deductions of fact. *Sprewell*, *supra*, at 988.

### III.  STATEMENT OF FACTS

On or about October 26, 2007, Plaintiff obtained a loan of $117,221.00 secured by real property commonly known as 3770 Foothill Boulevard, Oroville, California 95966 ("Subject Property").  Request for Judicial Notice ("RJN") Ex. A.  The loan was secured by a Deed of Trust recorded on October 30, 2007, with Mortgage Electronic Registration System, Inc. ("MERS") as

beneficiary on behalf of lender Countrywide Bank, FSB and its successors and assigns.  *Id.*  Later, MERS assigned the Deed of Trust to Nationstar on December 5, 2012.  RJN Ex. B.  On January 2, 2013, Pite Duncan LLP ("Pite Duncan") was substituted as trustee by Nationstar.  RJN Ex. C.

Plaintiff avers that he attempted to modify his loan with Bank of America beginning in 2010.  Compl. ¶ 13.  Plaintiff further alleges that in April 2011, Bank of America told him he needed to default on his loan payments to be considered for a modification[1].  *Id.*  Plaintiff missed three payments but alleges that while his loan modification application was under review, the servicing was transferred to Nationstar in November 2011.  Compl. ¶ 15.  Shortly after, Plaintiff states that he brought his account current.  *Id.*

Plaintiff alleges that in August 2012, he was unable to make payments via Nationstar's online system and was also unable to make payments via telephone.  Compl. ¶¶ 16, 17.  Plaintiff **does not** claim he attempted to submit payments via mail.

As a result of Plaintiff's nonpayment, Pite Duncan recorded a Notice of Default on March 5, 2013.  RJN Ex. D.  On May 31, 2013, Pite Duncan recorded a Notice of Trustee's Sale that set a sale date for June 26, 2013.  RJN Ex. E.  No sale has occurred.

## IV.  ARGUMENT

**A.     Plaintiff's First Cause of Action for Violations of the HBOR Fails to State a Claim Against Nationstar.**

### 1.     Under Section 2924(a), a Notice of Sale Can Be Recorded 5-Days Early.

Plaintiff first alleges that Pite Duncan recorded the Notice of Sale in violation of California Civil Code section 2924(a)(2) when it was recorded prior to the lapse of 90 days after the filing of the notice of default.  Compl. ¶ 28.  Specifically, the Notice of Default was recorded on March 5, 2013, the Notice of Sale on May 31, 2013, and only 87 days had elapsed.  *Id.*

---

[1] Plaintiff alleges that he was told he would be offered a modification. However, the very fact that Plaintiff was also allegedly told to submit an application suggests Plaintiff was merely told he would be considered for a modification or that this was a preliminary qualification step. Otherwise, if Plaintiff was already approved then there would be no point in submitting an application.  As discussed above, the Court need not accept unreasonable inferences, or unwarranted deductions of fact.  *Sprewell*, *supra*, at 988.

However, Plaintiff completely ignores section 2924(a)(4), which provides that an authorized party can record a notice of sale up to five days earlier than the 90 days described in subsection (a)(2), so long as the date of the sale is no earlier than 110 days after the recording of the notice of default. Thus, 90 days plus the 20 day lapse after the notice of sale that is set forth in Civil Code section 2924f. This is precisely what occurred here. The Notice of Default was recorded on March 5, 2013, the Notice of Sale was recorded 87 days later on May 31, 2013 and set a sale date of June 26, 2013 (113 days later). Accordingly, Nationstar has not committed a violation of section 2924(a).

### 2.     The HBOR Does Not Apply to the Subject Loan.

Plaintiff's remaining claims under the HBOR fail because the loan was originated before January 1, 2013. The HBOR was enacted on January 1, 2013; the loan in question was originated in 2007. (RJN, Ex. A.) Because the HBOR materially affects a lender's contractual right of enforcement upon a borrower's default and was enacted after the loan was originated, the HBOR cannot apply to the Loan.

"[T]he laws which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it, as if they were expressly referred to or incorporated in its terms. This principal embraces alike those which affect its validity, construction, discharge or enforcement.… Nothing can be more material to the obligation than the means of enforcement.… The ideas of validity and remedy are inseparable, and both are parts of the obligation, which is guaranteed by the Constitution against invasion." (*Brown v. Ferdon* (1936) 5 Cal.2d 226, 230, quoting *Von Hoffman v. City of Quincy* (1866) 4 Wall. 535, 550.)

"The remedy, where it affects substantial rights, is included in the term 'obligation of contract,' and the remedy cannot be altered as to materially impair such obligations." (*Id*. (citations omitted).) And "when the exercise of the reserved power of the State, in order to meet public need because of a pressing public disaster, relates to the enforcement of existing contracts, that action must be limited by reasonable conditions appropriate to the emergency." (*Id*. at 233; quoting *Worthen v. Thomas*, 292 U.S. 426 (1934).) "[W]hile economic necessity may furnish the

1  reason for the passage of a law by the legislature, that necessity will not place it beyond the reach

2  of the constitutional guaranties concerning the obligations of contract." (*Id*. at 230.)

3  In *Brown*, the California Supreme Court addressed the issue as to whether Civil Code

4  section 2924 1/2, which was passed in 1933, applied to a note and deed of trust that were executed

5  in 1930.  (*Brown*, 5 Cal.2d at 229.)  At the time of *Brown*, a loan's beneficiary could require the

6  foreclosure trustee to sell the property in satisfaction of the debt after three months' notice.  The

7  beneficiary could then sue the debtor and obtain a judgment for any deficiency remaining after

8  crediting the proceeds of the sale upon the indebtedness." (*Id*. at 231.)  As stated in *Brown*, if

9  Civil Code section 2924 1/2 was applied retroactively, "the right to a deficiency judgment has

10  either been entirely taken away from the creditor, or he must wait an additional period of nine

11  months before he may have judgment." (*Id*.)

12  In ruling that Section 2924 1/2 did not retroactively apply to the loan as it was originated

13  before its passage, the *Brown* Court noted that the State may modify the remedy to enforce the

14  con-tract, but must do so without impairing the obligation of the contract.  (*Id*. at 231 ("it is

15  competent for the States to change the form of the remedy, or to modify it otherwise, as they may

16  see fit, provided no substantial right secured by the contract is thereby impaired.").)  However, as

17  the provisions of Section 2924 1/2, among other things, "fixe[d] no conditions whatever for its

18  operation," "give[s] relief to every debtor, irrespective of the amount of the indebtedness, the

19  condition of the security or his need for additional time," "imposes no condition upon the debtor in

20  connection with the use and occupation of the property," "gives a debtor a preference without any

21  consideration of the rights of the creditor," and "is granted without reference to individual

22  circumstances," the Court in *Brown* ruled that Section 2924 1/2 "would work a change in the

23  substantive rights of the creditor under the guise of a change in remedy" and, therefore, cannot

24  apply to the loan at issue.  (*Id*. at 234-236.)

25  Similar rulings are found in *Hales v. Snowden*, 19 Cal.App.2d 366 (1937)  and *Barnitz v.*

26  *Beverly*, 163 U.S. 118 (1896).  In *Hales*, the Court ruled that the anti-deficiency legislation

27  codified in Code of Civ. Proc. § 580b cannot apply to the loan as the loan was originated prior to

28  the passage of Section 580b.  In *Barnitz*, the Court held that a statute which authorized the

redemption of property sold upon foreclosure of a mortgage, where no right of redemption previously existed or which extends the period of redemption behind the time formerly allowed, cannot constitutionally apply to a sale under a mortgage executed before its passage.

Here, as in *Brown*, *Hales*, and *Barnitz*, the HBOR materially changes the lender's enforcement rights pursuant to the terms of the loan agreement under the guise of a change in remedy.

For example, *Brown* and *Barnitz* showed concern over an additional nine month delay in a creditor's right to seek a deficiency judgment and an extended redemption period, respectively. Similarly, HBOR imposes requirements on the lender or its servicer that will inevitably result in a far longer delay to the lender's right to non-judicially foreclose.  (See, e.g., Civ. Code § 2923.6(c) (the foreclosure process must be stayed pending a modification review upon the borrower's submission of a "complete application."); see also Civ. Code § 2923.6(e)(1) (lender cannot proceed with the foreclosure process until 31 days after a written modification denial is provided to the borrower); Civ. Code § 2923.6(e)(2) (if the borrower appeals the modification denial, the lender cannot proceed with the foreclosure process until the later of 15 days after the appeal is denied or 14 days after a modification is offed but declined by the borrower or, assuming a modification is agreed to by the borrower, the date in which the borrower fails to timely submit the first payment due under the modification); Civ. Code § 2924(a)(5) (lender must send written notice of a continued foreclosure sale date if the sale was postponed for a period longer than 10 days); Civ. Code § 2924.10 (written acknowledgments must be sent to the borrower upon each submission of financial information).)

Moreover, the HBOR mandates that the servicer conduct a modification review when no such obligation was required under the loan agreement. (See, e.g., Civ. Code §§ 2923.6, 2924.18(a).)  Also, and assuming a "complete" modification packet is submitted by the borrower, a lender is required to postpone the contractually authorized foreclosure process and conduct a complete review irrespective of the amount of the indebtedness, the condition of the security or the actual need for additional time.  (See *Brown*, supra, 5 Cal.2d at 234-236; see also Civ. Code § 2924.18(a).)

The HBOR also "imposes no condition upon the debtor in connection with the use and occupation of the property," such as a monthly payment.  *Id.*, at 234-236.  To the contrary, the HBOR prevents the lender from exercising its contractual right to charge late fees while a modification review is pending on a loan that is undisputedly in default.  (See Civil Code § 2924.11(f) (servicer cannot collect late fees during a pending modification review).)  In other words, the HBOR directly prevents the lender from exercising its right under the loan agreement to charge late fees.

Under well settled rules in California, the HBOR cannot apply to the loan because (1) the contract was entered into prior to January 1, 2013; (2) the HBOR was neither entered into the loan agreement, formed as a part of the agreement, nor expressly referred to or incorporated in the loan agreement's terms; and (3) as set forth above, the HBOR materially affects a lender's right to enforce the terms of the note and deed of trust to such an extent that it impairs the "obligation of the contract."  Therefore, California Civil Code sections 2923.7 and 2923. 6 do not apply to Plaintiff's loan.

**3.     Under Section 2923.7, a Single Point of Contact Can Be a Team and Section 2923.7 Does Not Prohibit a Single Point of Contact From Changing.**

Even if the HBOR applies to the loan, the conduct alleged here does not state a claim. Under his section 2923.7 claim, Plaintiff alleges that Nationstar assigned Plaintiff's account from his original single point of contact ("SPOC") to three other SPOCs in May and June 2013.  Compl. ¶ 29.

However, Plaintiff is overly focused on the word "single" and seems to take it literally. However, under Civil Code section 2923.7(e), a "single" point of contact is defined as an individual or team of personnel each of whom has the ability to perform the responsibilities described in section 2923.7.  Because section 2923.7(e) allows a team to be a SPOC, it leaves open the possibility of a change in SPOCs.  Plaintiff's expectation that his SPOC will remain unchanged is simply not feasible or realistic given employee turnover, promotion, and/or transfer. There is nothing in section 2923.7 that mandates the same SPOC during the entire loss mitigation process (which may take many months).  While subsection (c) requires a SPOC remains assigned

1    to the borrower's account while loss mitigation options are considered, it does not require that the

2    same individual remain the SPOC throughout the entire process.  Under this more reasonable

3    reading of section 2923.7, Nationstar has not committed a violation of section 2923.7.

4          **4.      Under Section 2923.6, Plaintiff's Loan Modification Application Was
                     Submitted Prior to the Effective Date of the HBOR and Plaintiff Has Not
5                     Alleged Facts Showing a Complete Application Was Sent.**

6          Under his section 2923.6 claim, Plaintiff alleges he submitted loan modification

7    application documents to Nationstar in January 2012.  Compl. ¶ 30.  Plaintiff avers that he sent a

8    complete loan modification application by May 2012.  *Id.*  Then, in March 2013 and May 2013, a

9    Notice of Default and Notice of Sale were recorded.  *Id.*  Plaintiff claims he never received a

10   written determination on his loan modification application from 2012, in violation of Civil Code

11   section 2923.6(c).

12          **(a)      The HBOR Does Not Apply Retroactively to Past Conduct.**

13          Even if the HBOR applies to the loan, it does not apply retroactively to conduct that

14   occurred before 2013.  As discussed above, the HBOR (which includes section 2923.6(c)) did not

15   take effect until January 1, 2013.  *See* S.B. 900, A.B. 278, Laws of 2012.  The amended statutes

16   contain no language suggesting that they are meant to apply before January 1, 2013.  In addition,

17   there is a strong presumption against retroactivity in the absence of such express language.  *See,*

18   *e.g.*, Civ. Code §  3; Cal. Code Civ. Proc. § 3.  Generally, "[t]he presumption is very strong that a

19   statute was not meant to act retrospectively, [wherein] [i]t ought not receive such a construction

20   unless the words used are so clear, strong and imperative that no other meaning can be annexed to

21   them, or unless the intention of the legislature cannot be otherwise satisfied."  *Yoshioka v.*

22   *Superior Court*, 58 Cal.App.4th 972, 980 (1997), quoting *U.S. Fidelity Co. v. Struthers Wells Co.,*

23   209 U.S. 306, 314 (1908).  Indeed, the presumption against retroactive application is especially

24   strong when retroactive application would increase a party's liability for past conduct, or impose

25   new duties with respect to transactions already completed.  *Landgraf v. USI Film Product*, 511

26   U.S. 244, 280 (1994).  Further, in the absence of an express retroactivity provision, a statute will

27   not be applied retroactively unless it is very clear from extrinsic sources that the Legislature must

28

1    have intended a retroactive application.  *Evangelatos v. Superior Court*, 44 Cal.3d 1188, 1209

2    (1988).  Nothing in the HBOR suggests that the amendments are meant to apply retroactively.

3        Therefore, the HBOR does not apply to Plaintiff's loan modification application that was

4    submitted in 2012.  The entire statutory framework governing modification applications contained

5    in section 2923.6(c) through 2923.6(h) cannot apply to Plaintiff's modification application

6    because these sections were not in effect when the application was submitted in 2012.

7                    **(b)    Plaintiff Was Denied in May 2012 and Does Not Allege He Submitted A
                             Complete Application Afterwards.**

8

9        Additionally, Plaintiff's section 2923.6(c) claim fails to state a claim because Plaintiff has

10   not alleged sufficient facts establishing that a complete application was submitted to Nationstar.

11   Section 2923.6(c) only prohibits the recording of foreclosure notices if a complete application is

12   submitted.  In turn, an application is deemed complete "when a borrower has supplied the

13   mortgage servicer with all documents required by the mortgage servicer within the reasonable

14   timeframes specified by the mortgage servicer."  Cal. Civ. Code § 2923.6(h).  Here, Plaintiff

15   suggests that in May 2012, Amber Orebaugh ("Orebaugh") from Nationstar acknowledged that

16   Plaintiff had a complete application because she "confirmed receipt of all documents necessary for

17   the application."  Compl. ¶ 30.

18       However, attached to Plaintiff's state court Ex-Parte Application for Temporary

19   Restraining Order is a copy of the correspondence that forms the basis for Plaintiff's belief.  RJN

20   Ex. F.  On May 16, 2012, Orebaugh wrote to Plaintiff that "[t]he documents that you have sent

21   over I will forward to the processing department."  *Id*.  She continued "[f]rom there they will see if

22   they need any additional documentation…"  *Id*.  On May 21, 2012, Orebaugh wrote that she found

23   one previously identified missing document, sent the application through processing, and it was

24   now with the underwriting department.  *Id*.  She states, "I will let you know once we have a

25   decision."  *Id*.  Plaintiff wrote to Orebaugh on June 4, 2012 that he received another application

26   packet on May 22, 2012 under a different program and asked for an explanation.  *Id*.  In response,

27   Orebaugh wrote that he received the new packet because Plaintiff qualified for the unemployment

28   program and "[o]nce you have a job, you can apply for a permanent modification so hang on to

1  that packet until you have a job and can apply." *Id.*  She finishes "[i]n the meantime please give

2  me a call so I can go over the unemployment program with you." *Id.*

3          Thus, the correspondence from late May 2012 and early June 2012 demonstrates that

4  Plaintiff's previous loan modification application (that forms the basis for his section 2923.6(c)

5  claim) **had** been denied because Plaintiff was ineligible because he was unemployed.  Plaintiff

6  was directed to a different, loan modification program (that required a new application) one day

7  after he was told the application was submitted to underwriting for a decision.  Plaintiff has not

8  alleged any facts establishing that he submitted this second loan modification application to

9  Nationstar in June 2012 or after.  As discussed above, the procedures and requirements for loan

10  modification denials under the HBOR (in section 2923.6(d) and section 2923.6(f), among others)

11  were not yet effective in 2012.  As a result, the denial of Plaintiff's loan modification application

12  and Nationstar's instructions to Plaintiff to submit another application were sufficient at the time.

13  As a result, Plaintiff has not stated a claim under section 2923.6(c) because the facts show that

14  Plaintiff's loan modification application was denied in May 2012 and no loan modification

15  application was open when the foreclosure commenced in March 2013.

16          In sum, Plaintiff has not and cannot state a claim under any of the three statutes listed in

17  the first cause of action.  Accordingly, the Court should sustain the Motion to Dismiss to the first

18  cause of action with prejudice.

19  **B.     Plaintiff's Second Cause of Action Fails to Allege a Breach of the Covenant of Good**

20  **        Faith and Fair Dealing Against Defendants.**

21          Under the second cause of action, Plaintiff states two different but similar claims against

22  Defendants.  First, Plaintiff alleges Bank of America interfered with Plaintiff's right to perform

23  under the Deed of Trust when it allegedly induced Plaintiff to stop making payments.  Compl.

24  ¶ 36.  Second, Plaintiff claims that Nationstar also interfered with his right to perform under the

25  Deed of Trust when it allegedly refused to accept payments via online system or telephone.

26  Compl. ¶ 39.  While both claims are labeled as a breach of the covenant of good faith and fair

27  dealing, they are functionally breach of contract claims.  The implied covenant "cannot impose

28  substantive duties or limits on the contracting parties beyond those incorporated in the specific

terms of their agreement." *Agosta v. Astor*, 120 Cal.App.4th 596, 607 (2004). "Without a contractual underpinning, there is no independent claim for breach of the implied covenant." *Fireman's Fund Ins. Co. v. Maryland Casualty Co.*, 21 Cal.App.4th 1586, 1599 (1994).

### 1.    The Right to Payments Accrues to Defendants, Not Plaintiff.

To begin, under both of Plaintiff's claims, Plaintiff suggests making payments is a right accruing to Plaintiff. To the contrary, making payments is an obligation of Plaintiff's and a right of Defendants. Plaintiff does not receive the payments.

Indeed, Plaintiff's citation to Civil Code sections 1511 and 1512 is telling. Both discuss circumstances that are equivalent to full performance. In other words, they are defenses to a breach of contract claim brought by another party. Plaintiff's cause of action is an anticipatory defense.

Another way to examine this defect is that Plaintiff has not alleged a breach of Defendants' obligations under the contract. A cause of action for breach of contract requires pleading of a contract, plaintiff's performance or excuse for failure to perform, **defendant's breach**, and damage to plaintiff resulting therefrom. *McKell v. Washington Mutual, Inc.*, 142 Cal.App.4th 1457, 1489 (2006). Here, Plaintiff fails to allege any breach of Defendants' obligations, under either claim, because Defendants have no obligations under the payment provision. As a result, for this reason alone, the Court should sustain Defendants' Motion to Dismiss the second cause of action with prejudice.

### 2.    Plaintiff Has Not Alleged Damages Related to Bank of America's Alleged Inducement of Plaintiff's Default.

Plaintiff's first claim, wherein he alleges that Bank of America interfered with his right to make payments by inducing his default, fails because Plaintiff fails to allege any damages resulting from the purported breach. Plaintiff alleges that Bank of America suggested he skip payments to be considered for a loan modification in April 2011, and he missed 3 payments. Compl. ¶¶ 13, 15. Plaintiff claims that upon transfer of the loan to Nationstar in November 2011, he submitted a payment to bring his loan current. *Id.*

1   Plaintiff's allegation related to this alleged conduct is missing any allegation of damages.

2   As discussed above, an essential element of a breach of contract claim is a damage to the plaintiff.

3   *McKell*, *supra,* at 1489. Here, Plaintiff does not allege that Bank of America recorded any

4   foreclosure notices during those three months. Plaintiff admits that Bank of America did, as

5   suggested, consider him for a loan modification. Compl. ¶ 15. The non-judicial foreclosure

6   proceedings that are now pending result from a different set of facts and a different default.

7   Plaintiff admits he was current on the loan from November 2011 to August 2012. Compl. ¶¶ 15,

8   16. Thus, it is clear that Plaintiff has no basis for damages or a breach of contract claim from this

9   purported conduct.

10          **3.      Payment Via Online System or Telephone is a Convenience and Plaintiff Has
                      Not Alleged that Nationstar Rejected All Forms of Payment.**
11

12   Plaintiff's second claim alleges that he attempted to make an online payment in August

13   2012 and was unable to make a payment because the screen indicated his account was blocked.

14   Compl. ¶ 16. Plaintiff further claims that he also requested making a telephonic payment but was

15   again unable. Compl. ¶ 17.

16          However, Plaintiff is focused on only these two methods of payment and does not allege

17   that Nationstar rejected all forms of payment. Here, the Deed of Trust specifies that if a check or

18   other instrument received by the lender is returned unpaid, the lender may require further

19   payments due under the loan in one or more of the following forms: cash, money order, certified

20   check, or electronic funds transfer. Thus, the Deed of Trust suggests the default form of payment

21   is personal check. This is common practice with most residential mortgages. *See*, *e.g.*, *Nguyen v.*

22   *Calhoun* (2003) 105 Cal.App.4th 428, 446; *Cornwell v. Bank of America*, 224 Cal.App.3d 995,

23   999 (1990). The right to make payments online or by telephone is merely a convenience. In

24   *Mclean v. Aurora Loan Servicing*, the court rejected the plaintiff's request for an injunction

25   granting her access to her online account, finding "[w]hile having access to a mortgage account

26   online would be more convenient than having to make payments by mail…denial of this

27   convenience does not constitute irreparable harm." *Mclean v. Aurora Loan Servicing*, 2011 WL

28   4635027 at * 1 (S.D. Cal. 2011). As discussed above, the Deed of Trust generally specifies that

1  the lender has the right to determine the method or medium of payment.  Here, Plaintiff merely

2  alleges that Nationstar did not allow him to payments under two methods, that while convenient,

3  do not preclude Plaintiff from making payments entirely.  Absent from Plaintiff's allegations are

4  any facts indicating that Plaintiff mailed in any other form of valid tender.

5      For all of the above reasons, Plaintiff fails to state a claim for breach of implied covenant

6  of good faith and fair dealing.  The Court should grant the Motion to Dismiss.

7  **C.     Plaintiff's Third Cause of Action for Section 17200 Fails to State a Claim Against**
       **Defendants.**

8

9      A business act may violate section 17200 (unfair competition law, hereinafter the "UCL")

10 if it is either "unlawful," "unfair," or "fraudulent."  Each of these prongs involves "a separate and

11 distinct theory of liability."  *S. Bay Chevrolet v. GM Acceptance Corp.*, 72 Cal.App.4th 861, 880–

12 889 (1999).  Because a violation of the UCL may be established by unfair, fraudulent, or unlawful

13 practices, the plaintiff must specifically plead which prong his cause is action is based on.  See

14 *Khoury v. Maly's of Calif., Inc.*, 14 Cal.App.4th 612, 619 (1993).

15     **1.     Plaintiff Does Not Plead Facts Establishing Standing.**

16     Regardless of the prong under which their UCL claim is stated, Plaintiff has not alleged

17 facts showing that he has standing to bring a UCL claim.  "To have standing, a plaintiff must

18 sufficiently allege that (1) he has lost money or property…and (2) there is a "causal connection"

19 between the defendant's alleged UCL violation and the plaintiff's injury in fact."  *Rubio v. Capital*

20 *One Bank*, 613 F.3d 1195, 1203–04 (9th Cir. 2010).  Plaintiff alleges no facts establishing both of

21 these elements.  Here, Plaintiff alleges harm to his credit.  Compl. ¶ 49.  Plaintiff also includes a

22 laundry list of conclusory damages such as emotional distress, frustration, and anxiety.  Compl.

23 ¶ 51.  However, none of these items are money or property.

24     As to Plaintiff's claim regarding his credit, this alleged damage is missing the second

25 element, a causal connection.  First, Plaintiff admits he defaulted on the loan.  Compl. ¶¶ 14, 16.

26 Therefore, Plaintiff cannot claim any alleged credit damage was based on a false reporting.

27 Second, even if Plaintiff does allege a HBOR claim against Nationstar, which it does not, the

28 HBOR does not have any restrictions against credit reporting.  Thus, while a servicer may not

advance a foreclosure in certain circumstances under the HBOR, the HBOR does not prevent credit reporting by the servicer.  As a result, the conduct alleged against Defendants does not have a causal connection to the alleged harm to Plaintiff's credit.

**2.      Plaintiff Does Not Plead Facts Establishing Predicate Misconduct.**

In addition to lacking standing, Plaintiff also fails to plead predicate misconduct.

Under the unlawful prong, the viability of a UCL claim stands or falls with the antecedent substantive causes of action.  *See Krantz v. BT Visual Images, L.L.C.*, 89 Cal.App.4th 164, 178 (2001); *People v. Duz-Mor Diagnostic Lab Inc.*, 68 Cal.App.4th 654, 673 (1998)(a defense to the underlying offense is a defense under the UCL).  As discussed above, all of Plaintiff's unlawful claims fail as a matter of law.  As a result, Plaintiff's unlawful claim under the UCL must also fail.

Under the fraudulent prong, Plaintiff's complaint is wholly devoid of any allegations of misrepresentation or deceptive conduct.  In addition, Plaintiff must also satisfy the heightened fraud pleading requirements.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (2009).  Because Plaintiff's allegation of fraudulent conduct under the UCL is completely conclusory, the fraudulent prong cannot form a basis for Plaintiff's UCL claim.

Finally, under the unfairness prong, "any claims of unfairness under the UCL should be defined in connection with a legislatively declared policy."  *Schnall v. Hertz Corp.,* 78 Cal.App.4th 1144, 1166–67 (2000).  Here, Plaintiff's allegations under the unfairness prong merely echo Plaintiff's statutory allegations.  Compl. ¶¶ 44, 45.  However, as discussed above, these claims fail as a matter of law.  Plaintiff references no other policy reason why this conduct should fall within the UCL when it is not unlawful.  Accordingly, Plaintiff has not stated a claim under the unfairness prong.

Because Plaintiff has not pled facts showing either standing or predicate misconduct, Plaintiff's UCL cause of action fails to state a claim.  The Court should grant the Motion to Dismiss to this cause of action.

**V.  CONCLUSION**

For all of the foregoing reasons, Plaintiff's entire Complaint fails to state a claim against Defendants.  Plaintiff has not alleged any statutory HBOR violations and has not alleged any

1   actionable claim with respect to his two defaults.  Accordingly, Defendants respectfully request

2   the Court grant Defendants' Motion to Dismiss the entire Complaint.

3   DATED:  July 22, 2013                    Respectfully submitted,

4                                            SEVERSON & WERSON
                                             A Professional Corporation
5

6

7                                            By:  _____
                                                          /s/ Laszlo Ladi
8                                                          Laszlo Ladi

9                                            Attorneys for Defendants NATIONSTAR
                                             MORTGAGE, LLC; and BANK OF AMERICA, N.A.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28