UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTHEL DENNIS BORING, an individual,<br><br>             Plaintiff,<br><br>      v.<br><br>NATIONSTAR MORTGAGE, LLC, a limited liability company; BANK OF AMERICA, N.A., a national business association; and DOES 1-50, inclusive,<br><br>             Defendants. | 2:13-cv-01404-GEB-CMK<br><br>ORDER GRANTING AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION TO STRIKE |

Defendants Nationstar and Bank of America move under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for dismissal of Plaintiff's Complaint. Plaintiff's Complaint is comprised of state claims under California Civil Code sections 2924(a), 2923.6, and 2923.7; the implied covenant of good faith and fair dealing; and the California Unfair Competition Law ("UCL"). Defendants also move under Rule 12(f) for an order striking Plaintiff's damages allegations in his claims alleged under sections 2924(a), 2923.6, and 2923.7 and his request for punitive

1

damages. Plaintiff opposes the dismissal motion but failed to respond to the motion to strike.

## I. LEGAL STANDARD

### a. Rule 12(b)(6)

Decision on a Rule 12(b)(6) dismissal motion requires determination of "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim under Rule 12(b)(6), "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal quotation marks omitted). However, this tenet does not apply to "legal conclusions . . . cast in the form of factual allegations." Id. (internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Id. (internal quotation marks omitted); see also Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'")

**b. Rule 12(f)**

Rule 12(f) prescribes a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." Whittlestone, Inc. v. Handi—Craft Co., 618 F.3d 970, 974-75 (9th Cir. 2010).

## II.  JUDICIAL NOTICE

Defendants' dismissal motion includes a request that judicial notice be taken of the following documents recorded in the Butte County Recorder's Office: 1) the Deed of Trust recorded October 30, 2007; 2)the Corporate Assignment of Deed of Trust (the "Assignment") recorded December 19, 2012; 3) the Substitution of Trustee (the "Substitution") recorded January 15, 2013; 4)the Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") recorded March 5, 2013; 5) the Notice of Trustee's Sale ("Notice of Sale") recorded May 31, 2013. (Def.'s Req. for Judicial Notice ("RJN") 1:20-2:9, ECF No. 7.) Plaintiff did not oppose the request.

"As a general rule, 'we may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.' We may, however, . . . take judicial notice of 'matters of public record.'" United States v. Corinthian Colls., 655 F.3d 984, 998-99 (9th Cir. 2011) (citations omitted) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001)). Since the Deed of Trust, Notice of Default, and Notice of Sale are matters of public record, this portion of the judicial notice request is

granted. However, the request for judicial notice of the Assignment and the Substitution documents is denied since Defendants have not "explain[ed] what relevance these documents have to [the motion sub judice]." Ventura Mobilehome Communities Owners Ass'n v. City of San Buenaventura, 371 F.3d 1046, 1052 n. 5 (9th Cir. 2004); see Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n. 2 (9th Cir. 2006) (denying request for judicial notice where documents were "not relevant to resolution of th[e] appeal.")

### III. FACTUAL ALLEGATIONS AND JUDICIALLY NOTICED MATTERS

The motion concerns the following allegations in the Complaint and information of which judicial notice has been taken. In 2007, Plaintiff refinanced his loan agreement with Countrywide Bank, FSB for his residential property ("the property"). (Compl. ¶ 12, ECF No. 1; RJN Ex. A.) In late 2008, Defendant Bank of America acquired Plaintiff's loan from Countrywide. (Compl. ¶ 12.) Subsequently, Plaintiff applied for a loan modification. (Id. at ¶ 13.) In April 2011, Bank of America responded by "inform[ing] Plaintiff . . . that the reason he was not being modified was because he was not delinquent in his mortgage payments. [Bank of America told] Plaintiff that . . . to obtain a modification it was absolutely necessary for Plaintiff to stop making payments on his loan." (Id.)[1] Subsequently, Plaintiff missed three mortgage payments, and then

---

[1] Plaintiff contradicts himself concerning the year when Bank of America told him that he must stop making payments before he could be considered for a loan modification by also alleging that he was told this in "April 2012." (Compl. ¶ 38.) However, several paragraphs in the Complaint indicate this communication occurred in "April 2011." (Id. at ¶¶ 2, 13, 14.) This contradiction is disregarded since it has no bearing on the motion.

4

submitted another loan modification application to Bank of America. (Id. at ¶ 14.)

"[I]n November 2011, while Plaintiff was still in modification review, Plaintiff learned that Defendant Nationstar had obtained his mortgage." (Id. at ¶ 15.) Shortly thereafter Plaintiff brought his account current. (Id.)

Around January 2012, "Plaintiff began submitting his loan modification application documents to Nationstar through his customer service manager, Amber Orenbaugh. In May 2012, Ms. Orenbaugh confirmed receipt of all documents necessary for the application, and Plaintiff awaited a response." (Id. at ¶ 30.) Plaintiff's application remained open, and he never received a written determination of his eligibility for loan modification. (Id. at ¶¶ 29-30.)

In August 2012, Plaintiff attempted to make an online payment and learned that "his account had been frozen."(Id. at ¶ 16.) Plaintiff then attempted to contact a customer service manager to remedy the issue, but "he was put on hold or transferred between lines without any assistance." (Id.) He "endured [this] for weeks." (Id.)

"On or about September 6, 2012," Plaintiff had a telephone conversation with a Nationstar representative during which Plaintiff requested "to make a telephonic payment, but was informed that he could not do so because his account was frozen." (Id. at ¶ 17.) Plaintiff was told to contact Ms. Orenbaugh[2] for further information. "For months," Plaintiff attempted to do so,

---

[2] Plaintiff identifies his customer service manager as both "Orenbaugh" (e.g. Compl. ¶ 30) and "Orebaugh" (e.g. id. at ¶ 17). For consistency, this Order uses "Orenbaugh."

5

but was unable to reach her. (Id.)

On March 5, 2013, Trustee Pite Duncan filed a Notice of Default concerning Plaintiff's loan in the Butte County Recorder's Office. (Id. at ¶ 18; RJN Ex. D.) "On or about May 8, 2013, Plaintiff received a letter from Nationstar which indicated his Single Point of Contact had changed." (Compl. ¶ 19.) Two days later, Plaintiff received a letter informing him that Nationstar had assigned him a different single point of contact. (Id. at ¶ 20.) On May 31, 2013, Pite Duncan filed a Notice of Trustee's Sale of Plaintiff's property in the Butte County Recorder's Office. (Id. at ¶ 21; RJN Ex. E.) "Then, on or about June 10, 2013," Plaintiff again received a letter from Nationstar informing him that Plaintiff's single point of contact had changed. (Compl. ¶ 22.) All of Plaintiff's single points of contact "refused to answer Plaintiff's telephone calls . . . and did not communicate with Plaintiff." (Id. at ¶ 29.)

### IV.   DISCUSSION

#### a. Nationstar's Threshold Conclusory Dismissal Argument

Nationstar's dismissal motion contains a conclusory and ambiguous argument that Plaintiff's 2923.6 and 2923.7 claims should be dismissed because these statutes are part of California's recently enacted Homeowner Bill of Rights, which Nationstar contends "materially affects a lender's contractual right of enforcement upon a borrower's default and was enacted after [Plaintiff's] loan was originated . . . ." (Defs.' Mot. to Dismiss ("Defs.' Mot."), 4: 12-13, ECF No. 6.) However, this portion of Nationstar's motion lacks sufficient clarity to satisfy Rule 7(b)(1)'s requirement that a motion "state with

6

particularity the grounds for seeking the order" and "the relief sought." Fed. R. Civ. P. 7(b)(1)(B)-(C). Therefore, this portion of the motion is denied. See generally Yates v. Delano Retail Partners, LLC, C 10-3073 CW, 2012 WL 2563850, at *2 (N.D. Cal. June 28, 2012) ("The purpose of [Rule 7(b)(1)'s] particularity requirement . . . is to afford notice of the grounds and prayer of the motion[,] . . . providing [the opposing] party with a meaningful opportunity to respond and the court with enough information to process the motion correctly." (quoting Registration Control Systems, Inc. v. Compusystems, Inc., 922 F.2d 805, 807 (Fed. Cir. 1990))).

**b. Cal. Civ. Code § 2923.7**

Nationstar also argues that Plaintiff's 2923.7(c) claim should be dismissed because it is premised on the erroneous conclusion that this statute proscribed Nationstar from changing Plaintiff's "original single point of contact ('SPOC') to three other SPOCs in May and June 2013." (Defs.' Mot. 7:18-19.) Plaintiff alleges in his Complaint that his SPOC changed three times during the referenced time period. (See Compl. ¶¶ 19, 20, 22.)

Section 2923.7(a) prescribes: "Upon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish <u>a single point of contact</u> and provide to the borrower one or more direct means of communication with the single point of contact." Cal. Civ. Code § 2923.7(a) (emphasis added). Section 2923.7(c) prescribes: "The single point of contact shall remain assigned to the borrower's account until the mortgage servicer determines that all loss

1  mitigation options . . . have been exhausted . . . ." Cal. Civ.
2  Code § 2923.7(c). Furthermore, section 2923.7(e) prescribes:
3  "'[S]ingle point of contact' means an individual or team of
4  personnel each of whom has the ability and authority to perform
5  the responsibilities [of a SPOC]."

6        Plaintiff's allegations are insufficient to state a
7  claim under section 2923.7(c), since they do not plausibly infer
8  that Nationstar failed to provide Plaintiff with an SPOC during
9  the period he references in his Complaint. Therefore, this claim
10 is dismissed.

11       Nationstar also seeks dismissal of Plaintiff's claim
12 alleged under section 2923.7(b)(1), in which Plaintiff alleges
13 that any assigned SPOCs failed to communicate with him and
14 "refused to answer Plaintiff's telephone calls . . . ." (Compl. ¶
15 29.) Plaintiff also alleges in his Complaint that he submitted a
16 "complete [loan] modification application" prior to being
17 assigned SPOCs. (Id.)

18       Section 2923.7(b)(1) prescribes: "The [SPOC] shall be
19 responsible for . . . [c]ommunicating <u>the process by which a</u>
20 <u>borrower may apply</u> for an available foreclosure prevention
21 alternative and <u>the deadline for any required submissions</u> to be
22 considered for these options." Cal. Civ. Code § 2923.7(b)(1)
23 (emphasis added).

24       Since Plaintiff alleges he had completed his loan
25 modification application before any assigned SPOC failed to
26 communicate with him, Plaintiff has not alleged a viable claim
27 Nationstar's motion to dismiss this claim is granted.
28 ///

8

**c. Cal. Civ. Code § 2923.6(c)**

Nationstar argues that Plaintiff's 2923.6(c) claim should be dismissed because it is based on the erroneous notion that this statute has retroactive application to Nationstar's alleged actions on which this claim is based. However, the essence of what Plaintiff alleges is that Nationstar violated section 2923.6(c) by recording the Notice of Default and the Notice of Sale after the effective date of this statute and while Plaintiff's loan modification application was pending. Therefore, this portion of the dismissal motion is denied.

Nationstar argues in the alternative that Plaintiff's 2923.6(c) claim should be dismissed because Plaintiff's "loan modification application was denied" before the effective date section 2923.6(c), and "[a]s a result, Plaintiff did not have a complete loan modification application pending . . . when the foreclosure notices were recorded . . . ." (Defs.' Reply, 3:9-11, ECF No. 11.) However this argument is premised on factual information not contained in the Complaint and which has not been shown appropriate for consideration when deciding a dismissal motion. Therefore, this portion of the motion is denied.

**d. Cal. Civ. Code § 2924(a)**

Nationstar seeks dismissal of Plaintiff's 2924(a)(2)&(3) claim, in which Plaintiff alleges that Nationstar should not have recorded the Notice of Sale on May 31, 2013. Nationstar contends section 2924(a)(4) authorized it to record this Notice of Sale. However, since Plaintiff's section 2923.6(c) claim survives the motion, Nationstar has not shown it was entitled to record the challenged Notice of Sale. Therefore, this

portion of the motion is denied.

### e. Good Faith and Fair Dealing

#### i. Nationstar

Nationstar seeks dismissal of Plaintiff's claim in which he alleges breach of the implied covenant of good faith and fair dealing, arguing this claim does not contain sufficient factual allegations to state an actionable claim. Plaintiff alleges in this claim that Nationstar "blocked" his account, and therefore made it impossible for him to submit loan payments. (Compl. ¶ 16-17.) "The covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract." Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1393 (1990) (internal quotation marks omitted) (quoting Foley v. Interactive Data Corp., 47 Cal. 3d 654, 690 (1988)). Plaintiff's allegations are sufficient to state a claim. Therefore, this portion of the motion is denied.

#### ii. Bank of America

Bank of America also seeks dismissal of Plaintiff's claim alleging breach of the implied covenant of good faith and fair dealing, arguing this claim fails to allege that Bank of America caused Plaintiff to suffer harm. Causation of harm is an element of this claim. Reinhardt v. Gemini Motor Transp., 879 F. Supp. 2d 1138, 1145 (E.D. Cal. 2012) (quoting Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010)). Since Plaintiff has not alleged how Bank of America harmed him, this dismissal motion is granted.

**f. Unfair Competition Law**

   **i.   Standing**

Defendants seek dismissal of Plaintiff's UCL claims, arguing Plaintiff has not alleged facts showing statutory standing.

To have standing to state a UCL claim, a plaintiff must have "suffered injury in fact and . . . lost money or property as a result." Cal. Bus. & Prof. Code § 17204. "To satisfy the . . . standing requirement . . . a party must . . . (1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that that economic injury was the result of, i.e., caused by, the unfair business practice . . . that is the gravamen of the claim." Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 322 (2011)

Plaintiff fails to allege that Bank of America caused him any injury. Therefore, Bank of America's motion to dismiss Plaintiff's UCL claims against it is granted.

Plaintiff alleges Nationstar caused him injury when it had the Notices of Default and Sale recorded, in violation of section 2923.6(c), and froze his account; he alleges these actions harmed his credit and resulted in the commencement of foreclosure proceedings against his property. (Compl. ¶¶ 18, 21, 30-31, 39.) "[D]amage to credit" is a "loss of money or property" within the meaning of the UCL, Rex v. Chase Home Fin. LLC, 905 F. Supp. 2d 1111, 1147 (C.D. Cal. 2012), as is the initiation of foreclosure proceedings. See Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 522 (2013) (finding initiation of foreclosure proceedings constitutes loss of property under UCL);

11

Griley v. Nat'l City Mortgage, CIV. 2:10-1204 WBS, 2011 WL 219574, at *3 (E.D. Cal. Jan. 19, 2011) (same). Therefore this portion of Nationstar's motion is denied.

### ii. Nationstar's Arguments Seeking Dismissal of Plaintiff's Claims Alleged under the "Fraudulent," "Unlawful," and "Unfair" Portions of the UCL.

Nationstar seeks dismissal of Plaintiff's following claims alleged under the UCL, arguing that Plaintiff has not alleged plausible claims: 1) fraudulent business acts or practices, 2) unlawful business acts or practices, and 3) unfair business acts or practices. "The UCL prohibits 'unfair competition,' which is broadly defined to include ' . . . acts or practices which are unlawful, or unfair, or fraudulent." Davis v. HSBC Bank Nevada, N.A., 691 F.3d 1152, 1168 (9th Cir. 2012)(quoting Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999)).

### A. Fraudulent Business Acts or Practices

Nationstar argues Plaintiff's UCL fraudulent business acts or practices claim should be dismissed because Plaintiff has not pled fraudulent business acts or practices with specificity.

A UCL claim grounded in fraud must satisfy the pleading standard of Rule 9(b), under which "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)).

Plaintiff's UCL claim is comprised of the conclusory allegations that "Defendants' conduct" constituted "fraudulent

12

business practices." (Compl. ¶¶ 43, 46.) These allegations fail to meet the Rule 9(b) pleading standard. Therefore, Plaintiff's claim under the "fraudulent" prong of the UCL is dismissed.

### B. Unlawful Business Acts or Practices

Nationstar argues Plaintiff's UCL unlawful business acts or practices claim should be dismissed, contending Plaintiff has not successfully alleged that Nationstar committed a predicate statutory violation. The unlawful conduct portion of the UCL "borrows violations of other laws and treats them as unlawful [acts or] practices that the unfair competition law makes independently actionable." Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). Since Plaintiff alleges that Defendant recorded Notices of Default and Sale in violation of 2923.6(c), Nationstar's motion to dismiss this claim is denied. See Rubio v. Capital One Bank, 613 F.3d 1195, 1204 (9th Cir. 2010) ("By properly alleging a [Truth in Lending Act] violation, [Plaintiff] has also alleged a UCL violation under the prong of the UCL that prohibits 'unlawful' business acts or practices.")

### C. Unfair Business Acts or Practices

Nationstar seeks dismissal of Plaintiff's UCL unfair business acts or practices claim, contending Plaintiff has not defined unfairness "in connection with a legislatively declared policy." (Defs.' Mot. 14:16-22.) However, Plaintiff has alleged that Nationstar violated section 2923.6(c). Therefore, Nationstar's motion to dismiss this claim is denied. See Rubio, 613 F.3d at 1205 (finding Plaintiff has "show[n] that [Defendant's] practice violates public policy as declared by

13

'specific . . . statutory . . . provisions' . . . by successfully alleging a [Truth in Lending Act] violation." (quoting <u>Gregory v. Albertson's, Inc.</u>, 104 Cal. App. 4th 845, 854 (2002))).

### g. Motion to Strike

Defendants move to strike Plaintiff's allegations in which he seeks damages under sections 2924(a), 2923.6, and 2923.7, arguing that "Plaintiff cannot recover damages [under these sections] unless a trustee's deed has been recorded." (Defs.' Mot. to Strike 2:16-17, ECF No. 5.) Defendants also seek to have Plaintiff's prayer for punitive damages stricken, arguing they are not recoverable on any claim. Since "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law," Defendants' motion to strike is denied. <u>Whittlestone</u>, 618 F.3d at 974-75.

### V.   CONCLUSION

For the stated reasons, Bank of America's motion to dismiss Plaintiff's claims alleged against it for breach of the implied covenant of good faith and fair dealing and for violation of the UCL is granted. Nationstar's motion to dismiss Plaintiff's claims alleged against it under section 2923.7(c), section 2923.7(b)(1), and the "fraudulent" prong of the UCL is also granted. The remaining portion of the dismissal motion is denied. Defendants' motion to strike is also denied. Plaintiff is granted fourteen (14) days from the date on which this order is filed to file an amended complaint addressing the deficiencies in any dismissed claim. Plaintiff is notified that a dismissal with prejudice could be entered under Rule 41(b) if Plaintiff fails to

1  file an amended complaint within the prescribed time period.
2          Dated:   January 6, 2014

                                    _____
                                    GARLAND E. BURRELL, JR.
                                    Senior United States District Judge