David C. Powell (SBN 129781)
Email:    dpowell@reedsmith.com
Carolee A. Hoover (SBN 282018)
Email:    choover@reedsmith.com
Alice E. Choy (SBN 286596)
Email:    achoy@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendant Bank of America, N.A.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CARTHEL DENNIS BORING, an individual, ,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE, LLC, a limited liability company; BANK OF AMERICA, N.A., a national business association; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:13-cv-01404-GEB-CMK<br><br>**DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**<br><br>Date:         March 24, 2014<br>Time:        9:00 a.m.<br>Place:       Courtroom 10<br><br>Compl. Filed:   June 24, 2013<br>FAC Filed:      January 21, 2014<br><br>Honorable Garland E. Burrell, Jr.<br><br>[*Filed concurrently with Request for Judicial Notice; and* [*Proposed*] *Order and Judgment*] |

**TO PLAINTIFF AND HIS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on March 24, 2014, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 10 of the above-entitled Court, located at 501 I Street, Sacramento, California, 95814, Defendant Bank of America, N.A. ("Defendant") will and hereby does move this Court pursuant to Fed. R. Civ. Proc. 12(b)(6) for an order dismissing the First Amended Complaint of Plaintiff Carthel Dennis Boring ("Plaintiff"), and each claim for relief alleged therein against Defendant, on the grounds that the First Amended Complaint fails to state any claim upon which relief can be granted.

Defendant requests that the *lis pendens* recorded against the underlying property commonly identified as 3770 Foothill Blvd., Oroville, CA, 95966 be expunged.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Defendant's Request for Judicial Notice and exhibits attached thereto, court records and files, and such other matters that the Court may consider at the hearing on the Motion.

DATED:  February 5, 2014

                              REED SMITH LLP

By:   */s/ Alice E. Choy*
       Alice E. Choy
       Attorney for Defendant Bank of America, N.A.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 1 –
DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................... 1

II. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY .......................................... 1

III. LEGAL STANDARD .......................................................................................................... 2

    A. Plaintiff's Claim For Breach Of The Implied Covenant Of Good Faith And Fair Dealing Fails Because It Is Insufficiently Pled ........................................... 3

        1. Plaintiff Fails To Allege Facts Establishing Breach Of Any Terms ................ 3

        2. Plaintiff Fails To Allege Facts Establishing Resultant Harm ......................... 5

    B. Plaintiff's UCL Claim Fails Because He Lacks Standing And Alleges No Proscribed Conduct ....................................................................................... 5

        1. Plaintiff Lacks Standing Because He Fails To Allege Damages ..................... 5

        2. Plaintiff Fails to Allege Any Wrongful Conduct By Defendants ................... 6

IV. CONCLUSION .................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Cases**

*Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*,
  988 F.2d 1157 (Fed. Cir. 1993) .................................................................................. 2

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ............................................................................................... 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................... 3

*Clegg v. Cult Awareness Network*,
  18 F.3d 752 (9th Cir. 1994) ....................................................................................... 3

*Dumas v. Kipp*,
  90 F.3d 386 (9th Cir. 1996) ....................................................................................... 3

*Guz v. Bechtel Nat'l, Inc.*,
  24 Cal. 4th 317 (2000) ............................................................................................... 4

*Ileto v. Glock Inc.*,
  349 F.3d 1191 (9th Cir. 2003) ................................................................................... 3

*Khoury v. Maly's of Cal., Inc.*,
  14 Cal. App. 4th 612 (1993) ...................................................................................... 6

*King v. California*,
  784 F. 2d 910 (9th Cir. 1986) .................................................................................... 2

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal. 4th 1134 (2003) ............................................................................................. 6

*Lazar v. Hertz Corp.*,
  69 Cal. App. 4th 1494 (1999) .................................................................................... 6

*McClain v. Octagon Plaza, LLC*,
  159 Cal. App. 4th 784 (2008) .................................................................................... 4

*McGlinchy v. Shell Chem. Co.*,
  845 F.2d 802 (9th Cir. 1988) ..................................................................................... 3

*Navarro v. Block*,
  250 F.3d 729 (9th Cir. 2001) ..................................................................................... 2

*Neitzke v. Williams*,
  490 U.S. 319 (1989) ................................................................................................... 2

*Pasadena Live, LLC v. City of Pasadena*,
  114 Cal. App. 4th 1089 (2004) .................................................................................. 4

*R&B Auto Ctr., Inc. v. Farmers Group, Inc.*,
  140 Cal. App. 4th 327 (2006) .................................................................................... 6

*Reinhardt v. Gemini Motor Transp.*,
  879 F. Supp. 2d 1138 (E.D. Cal. 2012) ..................................................................... 3

*Robertson v. Dean Witter Reynolds, Inc.*,
  749 F.2d 530 (9th Cir. 1984) ..................................................................................... 2

*Rosenfeld v. JPMorgan Chase Bank, N.A.*,
  732 F.Supp.2d 952 (N.D. Cal. 2010) ......................................................................... 4

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Schulz v. Neovi Data Corp*,
  152 Cal. App. 4th 86 (2007) .................................................................................................. 6

*Schwartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ................................................................................................. 3

*Secrest v. Sec. Nat'l Mortg. Loan Trust*,
  167 Cal. App. 4th 544 (2008) ................................................................................................ 4

*Smith v. State Farm Mut. Auto. Ins. Co.*,
  93 Cal. App. 4th 700 (2001) .................................................................................................. 6

*Valenzuela v. Am. Home Mortg. Inv. Trust 2005-2*,
  No. CV-F-08-1179 OWW/SMS, 2009 U.S. Dist. LEXIS 31111 (E.D. Cal. 2009) .......................... 5

**Statutes**

Cal. Bus. & Prof. Code § 17200 ................................................................................................ 1, 5

Cal. Bus. & Prof. Code § 17204 ................................................................................................... 5

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................ 2

**Other Authorities**

1 B.E. Witkin, Summary of California Law, Contracts § 798 (10th ed. 2005) ................................ 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Almost *six years* after obtaining his mortgage loan, Plaintiff Carthel Dennis Boring ("Plaintiff") brings his First Amended Complaint ("FAC") alleging nothing more than perfunctory allegations, based on neither fact nor law, against Defendant Bank of America, N.A. ("Defendant" or "BANA") and Defendant Nationstar Mortgage, LLC ("Nationstar").  Specifically, Plaintiff alleges that BANA induced him to default on his loan in order to apply for a loan modification but strung him along through the process before his loan was service-released to Nationstar.  However, Plaintiff's claims are insufficiently pled and unsupported by a single fact, and despite the opportunity to amend, he still fails to plead a viable claim against BANA.  In short, Plaintiff's claims fail for at least the following reasons:

- Plaintiff's second[1] cause of action for breach of the implied covenant of good faith and fair dealing fails because he does not plead breach of any terms and does not allege damages; and
- Plaintiff's third cause of action for violation of the Business and Professions Code § 17200 *et seq.* (the "UCL") fails because he lacks standing and fails to allege any proscribed conduct.

In sum, the FAC fails to state a single valid cause of action against BANA.  Thus, BANA respectfully requests that the Court grant its Motion to Dismiss Plaintiff's FAC without leave to amend.

## II.   FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

On or about October 30, 2007, Plaintiff obtained a refinance loan in the amount of $117,221.00 secured by a Deed of Trust ("DOT") on real property located at 3770 Foothill Boulevard, Oroville, California 95966 ("the Property"). *See* FAC ¶ 11.  Nationstar's Request for Judicial Notice in Support of Defendants' Motion to Dismiss Plaintiff's Complaint, ECF No. 7 ("Nationstar's RJN")[2], Exh. A.  The DOT identifies Countrywide Bank, FSB ("Countrywide") as the lender, ReconTrust Company, N.A. ("ReconTrust") as trustee, and Mortgage Electronic Registration

---

[1] Plaintiff's first cause of action for violation of various provisions of the Civil Code is not directed against BANA and thus, is not addressed in this Motion to Dismiss.

[2] On January 7, 2014, the Court granted judicial notice of the "Deed of Trust, Notice of Default, and Notice of Sale." *See* Court's January 7, 2014 Order Granting Defendants' Motion to Dismiss, ECF No. 20, at pp. 3:26-1 ("Jan. 7 Order").

– 1 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Systems, Inc. ("MERS") as the beneficiary.  Nationstar's RJN, Exh. A.  On December 19, 2012, an Assignment of Deed of Trust ("ADOT") was recorded whereby MERS assigned its beneficial interest under the DOT to Nationstar.  BANA's Request for Judicial Notice ("BANA's RJN"), Exh. A.  On January 15, 2013, a Substitution of Trustee ("SOT") was recorded whereby Nationstar substituted Pite Duncan, LLP as trustee.  *Id*., Exh. B.  On March 5, 2013, a Notice of Default ("NOD") was recorded indicating Plaintiff was $13,270.45 in arrears on his loan.  Nationstar's RJN, Exh. D.  On May 31, 2013, after Plaintiff failed to cure his arrears, a Notice of Trustee's Sale ("NOTS") was recorded.  *Id.*, Exh. E.  Plaintiff does not allege a sale has occurred.

On June 25, 2013, Plaintiff filed his Complaint against BANA and Nationstar in Butte County Superior Court, California.  On July 15, 2013, Defendants removed the case to this Court based on diversity jurisdiction.  On July 22, 2013, Defendants filed their Motion to Dismiss Plaintiff's Complaint.  ECF No. 6.  On January 7, 2014, the Court granted Defendants Motion to Dismiss with leave to amend.  ECF No. 20.  On January 21, 2014, Plaintiff filed a first amended complaint.  ECF No. 22.  On January 22, 2014, Plaintiff improperly filed another amended complaint which differs slightly from the prior one, but is still nearly identical to the original Complaint.  *See* ECF No. 23.[3]

### III.     LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984).  Time barred claims and remedies are also properly disposed of on a motion to dismiss.  *See King v. California,* 784 F. 2d 910, 913-15 (9th Cir. 1986).  The purpose of a Rule 12(b)(6) motion to dismiss is "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity."  *Advanced

---

[3] For the purposes of BANA's Motion to Dismiss, Defendant references the First Amended Complaint ("FAC") filed on January 22, 2014.

– 2 –

DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1  *Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

2  While all material allegations must be taken as true, "conclusory allegations without more are
3  insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*,
4  845 F.2d 802, 810 (9th Cir. 1988); *see Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003).
5  Indeed, the Supreme Court recently confirmed the requirement that pleadings must contain more
6  than labels and unsupported conclusions, and emphasized that conclusory allegations are not entitled
7  to be assumed true. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009) (citing *Bell Atl. Corp. v.
8  Twombly*, 550 U.S. 544, 570 (2007)). A court is not required to "accept legal conclusions cast in the
9  form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."
10 *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). In testing the complaint's
11 legal adequacy, the court may consider material properly submitted as part of the complaint or
12 subject to judicial notice. *Schwartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir. 2007). When it
13 would be futile to amend the complaint's deficiencies, dismissal may be ordered with prejudice.
14 *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

**A.      Plaintiff's Claim For Breach Of The Implied Covenant Of Good Faith And Fair Dealing Fails Because It Is Insufficiently Pled**

17 In his second cause of action for breach of the implied covenant of good faith and fair
18 dealing, Plaintiff alleges that "Defendant [BANA] breached the covenant of good faith and fair
19 dealing and interfered with Plaintiff's ability to perform under the contract by inducing Plaintiff to
20 stop making payments on his mortgage loan." FAC ¶ 37. However, Plaintiff fails to identify any
21 actionable conduct on the part of BANA, and also fails to allege what terms BANA purportedly
22 breached.

**1.      Plaintiff Fails To Allege Facts Establishing Breach Of Any Terms**

24 The elements necessary to establish a breach of the covenant of good faith and fair dealing
25 are: "(1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the
26 contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant
27 unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the
28 plaintiff was harmed by the defendant's conduct." *Reinhardt v. Gemini Motor Transp.*, 879 F. Supp.

2d 1138, 1145 (E.D. Cal. 2012) (citing *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F.Supp.2d 952, 968 (N.D. Cal. 2010). Additionally, the covenant of good faith and fair dealing ensures that neither party will do anything to deprive the other party of the benefits of the contract. 1 B.E. Witkin, *Summary of California Law, Contracts* § 798 (10th ed. 2005). The implied covenant is limited to "assuring compliance with the express terms of the contract." *Pasadena Live, LLC v. City of Pasadena*, 114 Cal. App. 4th 1089, 1093-94 (2004). It does not impose additional obligations on the parties. *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 349-50 (2000). Moreover, "the implied covenant is a supplement to an existing contract, and . . . does not require parties to negotiate in good faith prior to any agreement." *McClain v. Octagon Plaza, LLC*, 159 Cal. App. 4th 784, 799 (2008). Finally, an "agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds" and must be in writing. *Secrest v. Sec. Nat'l Mortg. Loan Trust*, 167 Cal. App. 4th 544, 553 (2008).

Here, Plaintiff cannot allege that Defendant directly breached the implied covenant of any term of an existing contract. The provision which Plaintiff references is an obligation upon *Plaintiff* to "pay when the principal of, and interest on, the debt evidenced by the Note." *See* FAC ¶ 37. Moreover, Plaintiff *admits* his own breach of the DOT. *Id.* ¶ 38. Thus, Plaintiff's claims establish that Plaintiff is the only party who breached his mortgage loan contract.

To the extent Plaintiff asserts, without any factual support, that BANA induced him to default on his loan, such claims are also without merit. Plaintiff cannot rely on purported oral representations to support any modification of a contract required to be in writing by the statute of frauds. An "agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds" and must be in writing. *Secrest*, 167 Cal. App. at 553. Even assuming *arguendo* that Plaintiff's ambiguous references to BANA's promise "that there would be no foreclosure proceedings initiated for missed payments" was supported by any facts—which it is not—such an oral promise relates to real property interests and, thus, is barred by the statute of frauds. Any alleged promises made by BANA to Plaintiff cannot serve as the basis for his claim for breach of the implied covenant of good faith and fair dealing. Therefore, Plaintiff's claim fails as a matter of law for this additional reason.

– 4 –

DEFENDANT BANK OF AMERICA N.A.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Additionally, Plaintiff cannot assert a tortious breach of the implied covenant of good faith and fair dealing claim because the parties are not in a fiduciary relationship.  "Generally, no cause of action for the tortious breach of the implied covenant of good faith and fair dealing can arise unless the parties are in a 'special relationship' with 'fiduciary characteristics.'" *Valenzuela v. Am. Home Mortg. Inv. Trust 2005-2*, No. CV-F-08-1179 OWW/SMS, 2009 U.S. Dist. LEXIS 31111, at *65 (E.D. Cal. 2009).  "California case law is clear that a commercial loan transaction does not create such a special relationship." *Id*. at *78.  Therefore, Plaintiff's claim fails as a matter of law.

### 2. Plaintiff Fails To Allege Facts Establishing Resultant Harm

As the Court has already found, Plaintiff' second cause of action also fails because he fails "to allege that Bank of America caused Plaintiff to suffer harm." *See* Jan. 6 Order, pp. 10:18-26. Despite the opportunity to amend, Plaintiff's nearly identical second cause of action still fails to plead a single fact establishing causation of harm as a result of any purported conduct by BANA. Indeed, no foreclosure sale has occurred, and any alleged harm to Plaintiff is a direct result of his own failure to satisfy his loan obligations under the DOT.  *See* RJN, Exh. A.  Thus, Plaintiff's second cause of action for breach of the implied covenant of good faith and fair dealing fails as a matter of law, and BANA's Motion to Dismiss should be granted without leave to amend.

### B. Plaintiff's UCL Claim Fails Because He Lacks Standing And Alleges No Proscribed Conduct

In support of his third cause of action for violation of UCL, Plaintiff alleges in conclusory fashion that "Defendants' respective breaches of the implied covenant of good faith and fair dealing constitutes [sic] unlawful conduct under California Business and Professions Code § 17200 *et seq.*" *See* FAC ¶ 50.  However, Plaintiff's UCL claim fails because he lacks standing and fails to allege any wrongful conduct.

### 1. Plaintiff Lacks Standing Because He Fails To Allege Damages

As the Court has already found, Plaintiff lacks standing to pursue his UCL claim because he fails to allege damages.  To have standing to pursue a claim under Business and Professions Code § 17200 et seq. (the "UCL"), a private plaintiff must allege that he "has suffered injury in fact and has lost money or property" as a result of the alleged unfair practices.  Bus. & Prof. Code §17204 (emph.

– 5 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

added); *see R&B Auto Ctr., Inc. v. Farmers Group, Inc*., 140 Cal. App. 4th 327, 360 (2006) (plaintiff must have suffered monetary or property loss to recover under the UCL). In addition, where a plaintiff alleges a UCL action against multiple defendants, he must allege that he "suffered injury in fact [or] lost money or property as a result of [the alleged] unfair competition" of each defendant. *See Schulz v. Neovi Data Corp*, 152 Cal. App. 4th 86, 92 (2007).

Despite the opportunity to amend, Plaintiff still "fails to allege that Bank of America caused him any injury." *See* Jan. 7 Order, pp. 11:15-17. As noted above, Plaintiff fails to allege any loss of money or property caused by BANA. Instead, any loss of money or property was a direct result of his admitted default. Moreover, Plaintiff fails to demonstrate how the alleged unfair competition of *each* defendant caused him an injury in fact or loss of money or property. Further, damages are not available under the UCL as a matter of law. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003) ("A UCL action is equitable in nature; damages cannot be recovered."). Thus, Plaintiff lacks standing to assert a UCL claim.

### 2. Plaintiff Fails to Allege Any Wrongful Conduct By Defendants

Plaintiff's UCL claim also fails for the additional reason that he does not allege any wrongful conduct. The UCL requires a violation of the underlying law; a defense to the predicate claim is a defense to the UCL claim. *Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (1999) ("In effect, the UCL borrows violations of other laws-such as the state's antidiscrimination laws-and makes those unlawful practices actionable under the UCL."). When asserting a claim under the UCL, "[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993). Further, where a plaintiff premises his UCL claim on statutory violations, but fails to establish the underlying violations, the UCL claim fails as well. *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718 (2001) (holding UCL claim failed where it was premised on statutory violations but complaint failed to allege conduct constituting such violations). Here, as already discussed, Plaintiff's underlying claim fails for the reasons above. *See* Section IV(A), *supra*. Thus, as Plaintiff's claim against BANA fails, so must his third cause of action for violation of UCL.

– 6 –

### IV. CONCLUSION

For the reasons set forth above, BANA respectfully requests that the Court grant its Motion to Dismiss without leave to amend. Plaintiff's nearly identical FAC demonstrates that he cannot cure the deficiencies of claims despite the opportunity to amend. Additionally, BANA requests that the *lis pendens* recorded against the underlying property commonly identified as 3770 Foothill Blvd., Oroville, CA, 95966 be expunged.

DATED: February 5, 2014

               REED SMITH LLP

               By:  */s/ Alice E. Choy*
                   Alice E. Choy
                   Attorney for Defendant Bank of America, N.A.