UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTHEL DENNIS BORING, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NATIONSTAR MORTGAGE, LLC, a limited liability company; BANK OF AMERICA, N.A., a national business association; and DOES 1-50, inclusive,<br><br>　　　　Defendants. | No. 2:13-cv-01404-GEB-CMK<br><br>ORDER GRANTING IN PART AND DENYING IN PART NATIONSTAR'S MOTION TO DISMISS; GRANTING BANK OF AMERICA'S MOTION TO DISMISS; DENYING BANK OF AMERICA'S MOTION FOR AN ORDER EXPUNGING LIS PENDENS |

　　　　Defendants Nationstar and Bank of America each moves under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for dismissal of claims in Plaintiff's First Amended Complaint ("FAC"). The FAC consists of state claims alleged under California Civil Code sections 2924(a), 2923.6(c), 2923.7(b)(3), and 2923.7(c); the implied covenant of good faith and fair dealing; and the California Unfair Competition Law ("UCL"). Plaintiff opposes the dismissal motions. Bank of America also seeks an order expunging the lis pendens recorded against Plaintiff's property; however, no basis for granting this relief

1

has been shown, and therefore it is denied.

## I. JUDICIAL NOTICE

Nationstar's dismissal motion includes a request that judicial notice be taken of the following documents recorded in the Butte County Recorder's Office: 1) the Deed of Trust recorded October 30, 2007; 2) the Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") recorded March 5, 2013; and 3) the Notice of Trustee's Sale ("Notice of Sale") recorded May 31, 2013. Plaintiff does not oppose this request.

"As a general rule, 'we may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.' We may, however, . . . take judicial notice of 'matters of public record.'" United States v. Corinthian Colls., 655 F.3d 984, 998-99 (9th Cir. 2011) (citations omitted) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001)). Since the referenced documents are matters of public record, the judicial notice request is granted.

## II. FACTUAL ALLEGATIONS AND JUDICIALLY NOTICED MATTERS

The dismissal motions concern the following allegations in the FAC and judicially noticed information. In 2007, Plaintiff refinanced the loan agreement for his residential property ("the property") with Countrywide Bank, FSB. (FAC. ¶ 11, ECF No 22; (Nationstar's Req. for Judicial Notice ("RJN"), Ex. A, ECF No. 40-1.) In late 2008, Defendant Bank of America acquired Plaintiff's loan from Countrywide. (Id.) Subsequently, Plaintiff applied for a loan modification. (Id. ¶ 12.) In April 2011, Bank of America responded by "inform[ing] Plaintiff . . . that the reason he was not being modified was because he was not

delinquent in his mortgage payments. [Bank of America told] Plaintiff that . . . to obtain a modification it was absolutely necessary for Plaintiff to stop making payments on his loan." (Id.) Subsequently, Plaintiff missed three mortgage payments, and then submitted another loan modification application to Bank of America. (Id. ¶ 13.)

"[I]n November 2011, while Plaintiff was still in modification review, Plaintiff learned that Defendant Nationstar had obtained his mortgage . . . ." (Id. ¶ 14.) Shortly thereafter Plaintiff brought his account current. (Id.)

"[B]eginning in January 2012 . . . Plaintiff began submitting his loan modification application documents to Nationstar through his customer service manager, Amber Orebaugh. In May 2012, Ms. Orebaugh confirmed receipt of all documents necessary for the application, and Plaintiff awaited a response." (Id. ¶ 31.)

In August 2012, Plaintiff attempted to make an online payment and learned that "his account had been frozen." (Id. ¶ 15.) Plaintiff then attempted to contact a customer service manager to remedy the issue, but "he was put on hold or transferred between lines without any assistance." (Id.) He "endured [this] for weeks." (Id.)

"On or about September 6, 2012," Plaintiff had a telephone conversation with a Nationstar representative, during which Plaintiff requested "to make a telephonic payment, but was informed that he could not do so because his account was frozen." (Id. ¶ 16.) Plaintiff was told to contact Ms. Orebaugh for further information yet was unable to reach her. (Id.)

On March 5, 2013, Trustee Pite Duncan filed the Notice of Default concerning Plaintiff's loan in the Butte County Recorder's Office. (Id. ¶ 17; RJN Ex. D, ECF No. 40-1.) On May 31, 2013, Pite Duncan filed the Notice of Sale of Plaintiff's property in the Butte County Recorder's Office. (FAC ¶ 20; RJN Ex. E, ECF No. 40-1.) The Notice of Sale "indicated that Plaintiff's property would be sold at auction at 3:30 p.m. on June 26, 2013." (FAC ¶ 20; see RJN Ex. E.) "Plaintiff had not [yet] received a written determination on his loan modification application, despite the fact that he had been informed that his application was complete and in review." (FAC ¶ 31.)

"On or about May 8, 2013, Plaintiff received a letter from Nationstar which indicated his Single Point of Contact ["SPOC"] had changed . . . ." (FAC ¶ 18.) Two days later, Plaintiff received a letter informing him that Nationstar had assigned him a different single point of contact. (Id. ¶ 19.) "Then, on or about June 10, 2013," Plaintiff again received a letter from Nationstar informing him that Plaintiff's single point of contact had changed. (Id. ¶ 21.) Each single point of contact "refused to answer Plaintiff's telephone calls . . . and did not communicate with Plaintiff." (Id. ¶ 30.)

### III. DISMISSAL MOTION

**a. Legal Standard**

Decision on a Rule 12(b)(6) dismissal motion requires determination of "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft

4

v. Iqbal, 556 U.S. 662, 678–79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim under Rule 12(b)(6), "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal quotation marks omitted). However, this tenet does not apply to "legal conclusions . . . cast in the form of factual allegations." Id. (internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Id. (internal quotation marks omitted); see also Iqbal, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting Twombly, 550 U.S. at 555).)

**b. Section 2923.7(c)**

Nationstar seeks dismissal of Plaintiff's section 2923.7(c) claim, in which Plaintiff alleges Nationstar changed his SPOCs. Nationstar contends this section does not preclude changings SPOCs, and therefore Plaintiff does not allege a viable 2923.7(c) claim.

Section 2923.7(a) prescribes: "Upon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a [SPOC] and provide

5

to the borrower one or more direct means of communication with the [SPOC]." Cal. Civ. Code § 2923.7(a). Section 2923.7(c) prescribes, in part: "The [SPOC] shall remain assigned to the borrower's account until the mortgage servicer determines that all loss mitigation options . . . have been exhausted . . . ." Cal. Civ. Code § 2923.7(c). Furthermore, section 2923.7(e) prescribes, in part: "'[S]ingle point of contact' means an individual or team of personnel each of whom has the ability and authority to perform the responsibilities [of a SPOC]."

Since Plaintiff's allegations do not indicate that Nationstar failed to provide Plaintiff with a SPOC, this claim is dismissed.

**c. Sections 2923.6(c) and 2923.7(b)(3)**

    **i.   Whether Plaintiff Must Allege A Trustee's Deed of Sale Has Recorded**

Nationstar argues Plaintiff's 2923.6(c) and 2923.7(b)(3) claims should be dismissed because Plaintiff seeks damages in these claims that may not be sought until after a trustee's deed upon sale is recorded as required by California Civil Code sections 2924.12(b)-(c). Those sections state, in pertinent part:

> After a trustee's deed upon sale has been recorded, a mortgage servicer . . . shall be liable to a borrower for actual economic damages . . . , resulting from a material violation of Section . . . 2923.6, [and] 2923.7 . . . where the violation was not corrected and remedied prior to the recordation of the trustee's deed upon sale . . . .
>
> A mortgage servicer . . . shall not be liable for any violation that it has corrected and remedied prior to the recordation of a

6

trustee's deed upon sale . . . .
Cal. Civ. Code § 2924.12(b)-(c).

Since Plaintiff has not alleged a trustee's deed upon sale has recorded, the damages portions of these claims are dismissed. See Vasquez v. Bank of Am., N.A., 13-CV-02902-JST, 2013 WL 6001924, at *7 (N.D. Cal. Nov. 12, 2013) (stating, "if no trustee's deed upon sale has been recorded, Plaintiff's claims . . . for actual damages . . . are unavailable until such time as the deed upon sale has been recorded.")

### ii. Whether the Home Owners' Loan Act Preempts Plaintiff's Section 2923.6(c) and 2923.7(b)(3) Equity Claims

Nationstar seeks dismissal of Plaintiff's 2923.6(c) and 2923.7(b)(3) equity claims, arguing these claims are preempted by the Home Owners' Loan Act ("HOLA"), and that the HOLA preemption applies to federal savings banks. Nationstar concedes that it is not a federal savings bank, but argues it stepped into the shoes of Plaintiff's original lender, which was a federal savings bank, and that certain provisions of the Deed of Trust indicate that Plaintiff "agreed to be bound by HOLA." (Nationstar's Mot. 5:15-16, ECF No. 27.) However, the referenced provisions do not support Nationstar's assertion that the HOLA preemption applies to it; therefore, this portion of the motion is denied.

### d. Section 2924(a)

Nationstar seeks dismissal of Plaintiff's section 2924(a) claim, in which Plaintiff alleges Nationstar violated sections 2924(a)(2)-(3) by failing to wait three months after recordation of the Notice of Default before recording the Notice

7

of Sale. Nationstar contends section 2924(a)(4) authorized it to record this Notice of Sale prior to the lapse of the referenced statutory three-month period.

Plaintiff also alleges in the FAC that Nationstar violated section 2923.6(c) by recording this Notice of Sale while Plaintiff's loan modification application was pending. Since this 2923.6(c) claim has survived dismissal, Nationstar has not shown that it was authorized to record this Notice of Sale.

Accordingly, this portion of the motion is denied.

**e. Implied Covenant of Good Faith and Fair Dealing**

**i.   Bank of America**

Bank of America seeks dismissal of Plaintiff's implied covenant of good faith and fair dealing claim, arguing it should be dismissed because Plaintiff fails to plausibly allege that Bank of America caused him to suffer harm. Causation of harm is an element of this claim. <u>Reinhardt v. Gemini Motor Transp.</u>, 879 F. Supp. 2d 1138, 1145 (E.D. Cal. 2012) (quoting <u>Rosenfeld v. JPMorgan Chase Bank, N.A.</u>, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010)).

Plaintiff alleges in the FAC: "BANK OF AMERICA breached the covenant of good faith and fair dealing and interfered with Plaintiff's ability to perform under the contract by inducing Plaintiff to stop making payments on his mortgage loan." (FAC ¶ 37.) Plaintiff further alleges: "As a result of Defendants' conduct, Plaintiff's credit has been detrimentally impacted, and Plaintiff now risks the loss of his home through foreclosure." (<u>Id.</u> ¶ 43.) Plaintiff also alleges that after his loan was transferred from Bank of America to Nationstar, Plaintiff

"br[ought] his account current." (Id. ¶ 14.) Since Plaintiff alleges he brought his account current after Bank of America induced him to stop making payments, his conclusory allegations that Bank of America harmed his credit and caused the commencement of foreclosure proceedings against his property, are insufficient to allege a plausible claim. Therefore, this portion of the dismissal motion is granted.

### ii. Nationstar

Nationstar seeks dismissal of Plaintiff's implied covenant of good faith and fair dealing claim, arguing in essence that Plaintiff fails to plausibly allege that Nationstar prevented Plaintiff from making loan payments. However, Plaintiff alleges in this claim that he attempted to make payments online and via telephone, yet was unable to do so because his account was "blocked." (FAC ¶¶ 15-16.) "The covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract." Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1393 (1990). "If the cooperation of the other party is necessary for successful performance of an obligation, a promise to give that cooperation, and not to do anything which prevents realization of the fruits of performance, will often be implied." Ninety Nine Investments, Ltd. v. Overseas Courier Serv. (Singapore) Private, Ltd., 113 Cal. App. 4th 1118, 1131 (2003) (emphasis in original)(quoting 1 Witkin, Summary of Cal. Law (9th ed. 1987) Contracts, § 743, p. 674.); see Restatement (Second) of Contracts § 205 (1981) cmt d. (stating that "interference with or failure to cooperate in the other party's performance" has "been recognized in judicial decisions"

1 as a violation of "the obligation of good faith.") Since the
2 essence of Plaintiff's allegations in this claim is that
3 Nationstar prevented him from successfully performing his
4 contractual obligation to submit monthly loan payments, this
5 portion of Nationstar's motion is denied.

  **f. UCL**

   **i. Bank of America**

Bank of America seeks dismissal of Plaintiff's UCL claim alleged against it, arguing Plaintiff lacks statutory standing since he fails to adequately allege that Bank of America caused him to suffer an economic injury. Plaintiff alleges in this claim that Bank of America's breach of the implied covenant of good faith and fair dealing constitutes an "unlawful . . . business act or practice" proscribed by the UCL. Cal. Bus. & Prof. Code § 17200.

To have standing to state a UCL claim, a plaintiff must: "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that that economic injury was the result of, i.e., caused by, the unfair business practice . . . that is the gravamen of the claim." Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 322 (2011).

Since Plaintiff's UCL claim is premised on his implied covenant claim, in which he fails to plausibly allege damages, the FAC lacks a factual allegation that supports drawing a reasonable inference that Plaintiff has suffered an economic injury caused by Bank of America. Therefore this portion of the dismissal motion is granted.

### ii. Nationstar

#### A. Standing

Nationstar seeks dismissal of Plaintiff's UCL claims, which are predicated on Nationstar's alleged violations of sections 2924(a), 2923.6(c), 2923.7(b)(3), 2923.7(c), and the implied covenant of good faith and fair dealing. Nationstar argues Plaintiff lacks UCL standing since Plaintiff has not plausibly alleged Nationstar caused him to suffer an economic injury.

Plaintiff's 2923.7(b)(3) & (c) claims are composed of conclusory allegations that "Defendant's conduct has caused Plaintiff actual damages, including but not limited to the imminent loss of his property to foreclosure and destruction of his credit." (FAC ¶ 32; see also id. ¶¶ 29, 30.) These conclusory allegations do not plausibly show that Nationstar caused Plaintiff to suffer an economic injury, and therefore Plaintiff has not shown that he has standing to bring UCL claims against Nationstar predicated on violations of sections 2923.7(b)(3) & (c).

However, the remainder of this portion of the motion is denied since Plaintiff plausibly alleges that he suffered an economic injury in his implied covenant of good fair dealing claim, and in his claims alleged under sections 2923.6(c) and 2924(a). In each of these claims, Plaintiff in essence alleges Nationstar caused him economic harm by unlawfully commencing foreclosure proceedings. Since commencement of foreclosure proceedings constitutes an economic injury within the meaning of

11

the UCL, Nationstar has not shown this portion of its motion should be granted. See Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 522 (2013) (finding initiation of foreclosure proceedings constitutes loss of property under UCL); Griley v. Nat'l City Mortgage, CIV. 2:10-1204 WBS, 2011 WL 219574, at *3 (E.D. Cal. Jan. 19, 2011) (same).

### B. Unlawful Business Acts or Practices

Nationstar seeks dismissal of Plaintiff's UCL claim that is premised on an unlawful business act or practice and is predicated on Nationstar's alleged breach of the implied covenant of good faith and fair dealing. Nationstar contends this claim is a breach of contract claim that cannot, by itself, form the basis of a UCL unlawfulness claim.

"It is well established a breach of the implied covenant of good faith is a breach of the contract." Carson v. Mercury Ins. Co., 210 Cal. App. 4th 409, 429 (2012). Allegations of a breach of contract "alone do not amount to a violation of the 'unlawful' prong of [the UCL]" unless the plaintiff also alleges in a contract claim "that [Defendant] engaged in a business practice 'forbidden by law . . . .'" Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1044 (9th Cir. 2010) (quoting Saunders v. Superior Court, 27 Cal. App. 4th 832, 838-39 (1994)). Since Plaintiff has not alleged that Nationstar engaged in a business practice forbidden by law, this portion of Nationstar's dismissal motion is granted. Id.

Nationstar further seeks dismissal of Plaintiff's UCL claim in which Plaintiff alleges that Nationstar committed an unlawful business act or practice by violating sections 2924(a)

and 2923.6(c). Nationstar argues in essence that Plaintiff fails to adequately allege that Nationstar violated these statutes. The unlawfulness portion of the UCL "borrows violations of other laws and treats them as unlawful [acts or] practices that the unfair competition law makes independently actionable." Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). Since Plaintiff's section 2924(a) claim and section 2923.6(c) equity claim survive the dismissal motion, this portion of the motion is denied.

### C. Unfair Business Acts or Practices

Nationstar seeks dismissal of Plaintiff's UCL claim in which Plaintiff alleges an unfair business act or practice predicated on Nationstar's alleged refusal to accept from Plaintiff online and telephonic loan payments. Nationstar argues this unfairness claim fails because it is "not tied to any legislatively declared policy." (Nationstar's Mot. 12:16-17.)

However, Nationstar has not shown this unfairness claim must be tied to a legislatively declared policy. Therefore, this portion of the motion is denied. See Lozano v. AT & T Wireless Servs., Inc., 504 F.3d 718, 736 (9th Cir. 2007) (indicating that two non-mutually exclusive approaches are considered when deciding a motion challenging a UCL unfairness claim – that the unfairness be tied to a legislatively declared policy or a balancing approach.)

Nationstar further seeks dismissal of Plaintiff's UCL unfairness claim which is predicated on Nationstar's alleged violations of California foreclosure statutes. Nationstar contends in essence that this claim is not tethered to a

13

legislatively declared policy since Plaintiff's statutory claims challenging the foreclosure process "fail as a matter of law." (Nationstar's Mot. 12:14-15.) However, since Plaintiff's section 2924(a) claim and section 2923.6(c) equity claim survives Nationstar's motion, Nationstar has not shown that this UCL unfairness claim is not plausibly pled. See Rubio v. Capital One Bank, 613 F.3d 1195, 1205 (9th Cir. 2010) (finding Plaintiff "stated a claim" for unfairness under UCL "by successfully alleging a TILA violation.") Therefore, this portion of Nationstar's dismissal motion is denied.

## IV. CONCLUSION

For the stated reasons, Nationstar's dismissal motion is granted in part and denied in part, and Bank of America's dismissal motion is granted. Further, Bank of America's motion for an order expunging the lis pendens recorded against the property is denied. Lastly, Plaintiff is granted fourteen (14) days from the date on which this order is filed to file an amended complaint addressing deficiencies in any dismissed claim.

Dated: June 26, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge