UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTHEL DENNIS BORING,<br><br>        Plaintiff,<br><br>  v.<br><br>NATIONSTAR MORTGAGE, LLC, a limited liability company; BANK OF AMERICA N.A., a national business association,<br><br>        Defendants. | No. 2:13-CV-01404-GEB-CMK<br><br>**ORDER REGARDING SUPPLEMENTAL BRIEFING ON DEFENDANT'S SUMMARY JUDGMENT MOTION** |

On July 9, 2015, Defendant Nationstar Mortgage, LLC ("Nationstar") moved for summary judgment or in the alternative for summary adjudication of the issues in Plaintiff's Third Amended Complaint ("TAC") and calendared the motion for hearing on August 10, 2015. Plaintiff opposes the motion and submitted the declarations of Carthel Dennis Boring and Eunji Cho in support of the opposition. Nationstar objects under Federal Rules of Civil Procedure ("Rules") 26(a) and 37(c) to Paragraphs 13-16 and 19-21 of the Boring Declaration, Exhibits 5-11 attached to the Boring Declaration, and Exhibits 18-23 attached to the Cho declaration. Nationstar argues the paragraphs to which it objects and the referenced exhibits attached to the declarations rely on

1

information and documents that were not disclosed during discovery, and therefore should be stricken. The referenced information and documents were produced to Nationstar on July 24, 2014, after the fact discovery completion date of July 6, 2015. The objections are premised on provisions in Rule 26(a), (e) and Rule 37(c).

Rule 26(a)(1) states in part:

> [A] part must, without awaiting a discovery request, provide to the other parties. . . a copy—or description by category and location- of all documents . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Rule 26 (a)(3) states in part:

> [A] party must . . . provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment: . . . an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises.

Rule 26(e) states:

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or some response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Sanctions may be imposed under Rule 37(c) for failure to comply with the disclosure provisions of Rule 26 unless "the

failure was substantially justified or is harmless." "[T]he burden is on the party facing the sanction . . . to demonstrate that the failure to comply with Rule 26(a) is substantially justified or harmless." <u>Torres v. City of L.A.</u>, 548 F.3d 1197, 1213 (9th Cir. 2008).

Therefore, Plaintiff shall file a brief on or before Friday August 7, 2015, addressing why the referenced evidence should not be stricken for failure to comply with Rule 26 and the discovery completion date. Nationstar may file a reply brief by noon on Tuesday August 11, 2015. The hearing on Nationstar's summary judgment motion is moved to August 24, 2015.

Dated: August 4, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge