UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTHEL DENNIS BORING, an individual,<br><br>            Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE, LLC, a limited liability company,<br><br>            Defendant. | No. 2:13-cv-01404-GEB-CMK<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE TRIAL AND FINAL PRETRIAL CONFERENCE DATES** |

On October 2, 2015, Plaintiff filed an ex parte application seeking to continue the trial, which is currently scheduled to commence on December 1, 2015, until the "end of March 2016," or later. (Pl.'s Appl. 1:17-19, ECF No. 89.) Plaintiff asserts good cause exists under Federal Rule of Civil Procedure ("Rule") 16(b)(4) to permit the requested continuance, arguing as follows:

> In the case at hand, Plaintiff's counsel was available for trial at the time that trial in this matter was scheduled. . . . [H]owever, on or about August 14, 2015, Plaintiff's counsel was rescheduled for trial in another matter with that trial scheduled to begin on December 7, 2015. The case that was rescheduled is a consolidated matter involving two wrongful foreclosure sales, attorney misconduct, and the testimony of several expert witnesses. Because that case has been ongoing since August 2011 and rescheduled several times in the interim, it is extremely unlikely to be rescheduled in the face of California law requiring civil

1

> lawsuits to be tried within five years of case initiation. Furthermore, due to the complexity of that matter, Plaintiff's trial counsel, that is trial counsel in this matter, is the only attorney competent to try that matter. Furthermore, Plaintiff's counsel that is now unavailable for trial is best suited to try this matter and prepare and represent Plaintiff adequately. Given the fact that this scheduling conflict only recently arose and that Plaintiff's has been diligent in his efforts in both cases, Plaintiff respectfully requests that the instant application be granted ad trial be continued accordingly.

(Id. at 2:1-13.)

Defendant opposes the requested continuance, rejoining:

> Here, the sole basis for Plaintiff's request is a scheduling conflict for Plaintiff's lead trial counsel, Matthew Mellen. However, as explained by counsel for Nationstar when counsel for Plaintiff raised the request informally, Nationstar's lead trial counsel also has scheduling conflicts after the current trial date. Hence, Plaintiff's request for a continuance is prejudicial to Nationstar. Plaintiff is essentially asking the Court to favor the schedule of Mr. Mellen over Mr. Wraight. Similarly, Nationstar would need to inquire with its anticipated witness to determine his availability (if any).
>
> Plaintiff also does not demonstrate diligence in requesting the continuance. Mr. Mellen's declaration indicates he knew of this scheduling conflict sometime on August 14, 2015. However, Plaintiff did not identify this scheduling issue until September 29, 2015[,] and did not file this motion until October 2, 2015. Plaintiff offers no explanation for the month and a half delay. Further, Plaintiff offers no explanation for what role, if any Mr. Mellen had in scheduling his San Luis Obispo trial for December 7, 2015. Trial dates are typically continued pursuant to stipulation and/or Courts will typically inquire with the parties regarding their availability when scheduling a trial to avoid conflicts such as the one identified here. Here, Mr. Mellen does not indicate under what circumstances

2

>     the Court in San Luis Obispo continued his trial. In the absence of such information, the Court is left to infer that Mr. Mellen had an opportunity to interject, but did not.
>
>     This is a simple trial that involves minimal witnesses and issues that should be tried in one to two days. Nationstar anticipates that the only witnesses will be Plaintiff and Nationstar's Rule 30(b)(6) witness.

(Def.'s Opp'n 2:5-25.)

Rule 16 prescribes: "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Id. (citation omitted).

Here, Plaintiff has not shown that his lead counsel is unable to try this case, which is scheduled to commence on December 1, 2015, and the referenced state law case, which is scheduled to begin on December 7, 2015. Further, to the extent Plaintiff's lead counsel is unable to try both cases, Plaintiff

3

has not shown his diligence under the circumstances. As stated in Plaintiff's ex parte application, "Plaintiff's counsel was available for trial at the time that trial in this matter was scheduled." (Pl.'s Appl. 2:1-2.) And Plaintiff provides no information concerning the circumstances surrounding the state law case being rescheduled for trial; it is unknown whether Plaintiff's counsel provided any input concerning that case's trial commencement date or whether he was given an opportunity to object.

For the stated reasons, Plaintiff's ex parte application to continue the trial commencement date is DENIED.

Dated: October 15, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge