1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8                   EASTERN DISTRICT OF CALIFORNIA

9

10   CARTHEL DENNIS BORING,              No.  2:13-cv-01404-GEB-CMK

11              Plaintiff,

12        v.                             **PROPOSED TRIAL DOCUMENTS**

13   NATIONSTAR MORTGAGE, LLC, a
     limited liability company,
14
                Defendant.
15

16

17        Attached   are   the   Court's   proposed   closing   jury

18   instructions and verdict form. Any desired modifications should

19   be submitted for consideration as soon as practicable.

20        **A.   Jury Instructions**

21        In the attached instructions, the Court has attempted

22   to eliminate unnecessary language and to prescribe only the

23   California law at issue. The goal is to "help the jurors to

24   concentrate on the question[s] at hand." Achor v. Riverside Golf

25   Club, 117 F.3d 339, 341 (7th Cir. 1997). For example, the

26   instruction on Plaintiff's implied covenant of good faith and

27   fair dealing claim has been tailored to what the parties state

28   are  the  circumstances  involved  with  this  claim  in  the

                                    1

Supplemental Joint Pretrial Statement and in their respective trial briefs. Further, since it is undisputed that Plaintiff and Defendant were parties to a written contract, i.e., the Deed of Trust, the instruction does not ask the jury to decide as an element of the claim whether the parties entered into a contract.

The parties' proposed damages instruction has also been modified. Plaintiff has not shown that he is entitled to any accumulated loan arrears. Therefore, the instruction only references incurred late fees as the damages Plaintiff seeks. Further, the instruction omits the second paragraph of the Judicial Council of California Civil Jury Instructions ("CACI"), Instruction No. 350 ("Introduction to Contract Damages"), which concerns whether the damages sought were reasonably foreseeable at the time the contract was made since that principle is not at issue in this case. It is reasonably foreseeable that late fees would accumulate if Plaintiff was prevented from making required payments on his loan.

The attached nominal damages instruction is based upon the CACI nominal damages instruction (CACI Instruction No. 360) instead of the Ninth Circuit's model instruction concerning nominal damages.

The parties have not shown that their proposed joint instructions nos. 21, 22, and 23 are relevant to a trial issue; therefore, they are not included in the attached instructions.

Further, the parties' proposed joint instruction no. 6, the appropriateness of which depends upon the presentation of evidence at trial, will be given to the jury only if applicable.

1          **B.   Verdict Form**

2          The attached verdict contains a single question on

3 Plaintiff's implied covenant of good faith and fair dealing claim

4 rather than the parties' compound, imprecise questions concerning

5 this claim. See <u>Floyd v. Laws</u>, 929 F.2d 1390, 1395 (9th Cir.

6 1991) (stating "[a]s a general rule, the court has complete

7 discretion over whether to have the jury return a special verdict

8 or a general verdict"). The parties' proposed questions on this

9 claim lack the concreteness required to enable the jury to decide

10 specific "issues of fact." <u>Folmsbee v. Metro-North Commuter R.

11 Co.</u>, 495 F. App'x 122, 123 (2d Cir. 2012). "[T]he questions asked

12 of the jury [must] be adequate to determine the factual issues

13 essential to the judgment." <u>Armstrong v. Burdette Tomlin Mem'l

14 Hosp.</u>, 438 F.3d 240, 246 (3rd Cir. 2006). Absent such proposed

15 adequacy, the attached general verdict form on this claim will be

16 used.

17          Further, the parties are notified that the jury's

18 answers to Questions Nos. 3-9, which concern Plaintiff's

19 Homeowner's Bill of Rights claims, are advisory under Federal

20 Rule of Civil Procedure 39(c)(1) since it has not been shown that

21 there are any factual issues common to Plaintiff's legal and

22 equitable claims. See, e.g., <u>Smith Flooring, Inc. v. Pa.

23 Lumbermens Mut. Ins. Co.</u>, 713 F.3d 933, 937 (8th Cir. 2013) ("The

24 constitutional right to a jury trial must be preserved when the

25 litigation involves legal and equitable claims with common

26 issues. [T]he normal practice is to try both claims to a jury. In

27 this way, the jury's verdict will conclusively settle these

28 common issues, and only issues peculiar to the equitable claim

3

1  will be left to be decided by the judge." (alteration in

2  original) (internal quotation marks and citations omitted)). The

3  Court will issue findings of fact and conclusions of law

4  concerning the Homeowner's Bill of Rights claims following trial.

5  Dated:  December 2, 2015

6

7

8  GARLAND E. BURRELL, JR.
   Senior United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CARTHEL DENNIS BORING,

            Plaintiff,

      v.

NATIONSTAR MORTGAGE, LLC, a
limited liability company,

            Defendant.

No. 2:13-cv-01404-GEB-CMK

**CLOSING JURY INSTRUCTIONS**

Instruction No. 1


Members of the jury, now that you have heard all the evidence and the arguments of the parties, it is my duty to instruct you on the law which applies to this case. Each of you is in possession of a copy of these jury instructions, which you may take into the jury room for your use during deliberations if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. Do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Instruction No. 2


The evidence you are to consider in deciding what the facts are consists of:

the sworn testimony of any witness;

the exhibits which were received into evidence; and

any facts to which the lawyers have agreed.

Instruction No. 3


The parties have agreed to certain facts that have been read to you. You should treat these facts as having been proved.

Instruction No. 4


In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

First, arguments and statements by the lawyers are not evidence. The lawyers are not witnesses. What they said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls;

Second, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it;

Third, testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if I gave a limiting instruction, you must follow it;

Fourth, anything you see or hear when the court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

4

Instruction No. 5


Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Instruction No. 6

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

the opportunity and ability of the witness to see or hear or know the things testified to;

the witness's memory;

the witness's manner while testifying;

the witness's interest in the outcome of the case and any bias or prejudice;

whether other evidence contradicted the witness's testimony;

the reasonableness of the witness's testimony in light of all the evidence; and

any other factor that bears on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

6

Instruction No. 7


When a party has the burden of proof on a claim by a
preponderance of the evidence, it means you must be persuaded by
the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence,
regardless of which party presented it.

Instruction No. 8


In every written contract there is an implied promise of good faith and fair dealing. This implied promise means that each party to the contract will not do anything to unfairly interfere with the right of the other party to receive the benefits of the contract; however, this implied promise cannot create obligations that are inconsistent with the terms of the written contract.

In this case, Plaintiff and Defendant were parties to a written contract, the Deed of Trust. Plaintiff alleges that Defendant violated the implied promise of good faith and fair dealing by preventing him from making payments as required by the Deed of Trust. To prevail on this claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

First, Plaintiff did all, or substantially all, of the significant things that the Deed of Trust required him to do;

Second, all conditions required for Defendant's performance under the Deed of Trust had occurred;

Third, Defendant unfairly interfered with Plaintiff's ability to make payments as required by the Deed of Trust; and

Fourth, Plaintiff was harmed by Defendant's conduct.

8

Instruction No. 9


If you decide that Plaintiff prevails on his implied promise of good faith and fair dealing claim, you also must determine Plaintiff's damages.

Plaintiff seeks the following damages: late fees which Plaintiff asserts accumulated as a result of Defendant's alleged interference with Plaintiff's ability to make monthly payments required by the Deed of Trust.

Plaintiff has the burden of proving damages by a preponderance of the evidence. Plaintiff does not have to prove the exact amount of damages; however, you must not speculate or guess in awarding damages.

Instruction No. 10


If you decide that Plaintiff prevails on his implied promise of good faith and fair dealing claim but also that Plaintiff was not harmed, you may still award him nominal damages, such as one dollar.

Instruction No. 11


Plaintiff alleges Defendant violated California Civil Code section 2923.6. This statute prohibits a mortgage servicer from recording a Notice of Default or Notice of Trustee's Sale while a complete loan modification application is pending.

To prevail on this claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

First, Plaintiff submitted a complete loan modification application to Defendant; and

Second, Defendant recorded a Notice of Default and/or a Notice of Trustee's Sale before making a written determination on Plaintiff's complete loan modification application.


An application for a loan modification is "complete" when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the timeframes specified by the mortgage servicer, provided that you find the timeframes were reasonable.


11

Instruction No. 12

Plaintiff alleges Defendant violated California Civil Code Section 2923.7. This statute requires that after January 1, 2013, upon request from a borrower who asks for a "foreclosure prevention alternative," the mortgage servicer shall establish a "single point of contact" that is responsible for doing certain services.

To prevail on this claim, Plaintiff must prove one or more of the following elements by a preponderance of the evidence:

First, that after January 1, 2013, Defendant did not provide Plaintiff with a single point of contact responsible for communicating the process by which Plaintiff could apply for a foreclosure prevention alternative and the deadline for any required submissions to be considered for these options;

Second, that after January 1, 2013, Defendant did not provide Plaintiff with a single point of contact responsible for coordinating receipt of all documents associated with a loan modification application and responsible for notifying Plaintiff of any missing documents necessary to complete the application;

Third, that after January 1, 2013, Defendant did not provide Plaintiff with a single point of contact responsible for

having access to current information and personnel sufficient to timely, accurately and adequately inform Plaintiff of the status of his loan modification application; and/or

Fourth, that after January 1, 2013, Defendant did not provide Plaintiff with an individual, or team of individuals, responsible for ensuring that Plaintiff was considered for a loan modification.

A "foreclosure prevention alternative" means a loan modification or another available loss mitigation option.

A "single point of contact" means an individual or team of personnel, each of whom has the ability and authority to perform the above referenced services.

Instruction No. 13


If it becomes necessary during your deliberations to communicate with me, you may send a note through the United States Marshal's representative, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Instruction No. 14


A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that will be given to you, sign and date it, and advise the United States Marshal's representative outside your door that you are ready to return to the courtroom.

1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   EASTERN DISTRICT OF CALIFORNIA

8

9  CARTHEL DENNIS BORING,              No.  2:13-cv-01404-GEB-CMK

10              Plaintiff,

11       v.                            **GENERAL VERDICT WITH ANSWERS TO**
                                       **WRITTEN QUESTIONS**
12  NATIONSTAR MORTGAGE, LLC, a
    limited liability company,
13
                Defendant.
14

15

16      WE  THE  JURY  UNANIMOUSLY  FIND  THE  FOLLOWING  VERDICT  ON  THE

17  SUBMITTED QUESTIONS:

18

19      **Question No. 1**:    Does  Plaintiff  prevail  on  his  implied

20  promise of good faith and fair dealing claim?

21      Answer:    ____ YES       ____ NO

22  (*If you answered "yes," continue to Question No. 2. If you*

23  *answered "no," next answer Question No. 3.*)

24

25      **Question No. 2**:    What is the amount of damages you award

26  to Plaintiff?

27           $_____

28  (*Continue to Question No. 3.*)

1

**Question No. 3**:     Did Plaintiff submit a complete loan modification application to Defendant before June 24, 2013?

Answer:     _____ YES        _____ NO

(*If you answered "yes," continue to Question No. 4. If you answered "no," next answer Question No. 6.*)


**Question No. 4**:     If Plaintiff submitted a complete loan modification application, did Defendant record a Notice of Default before making a written determination on Plaintiff's loan modification application?

Answer:     _____ YES        _____ NO

(*Continue to Question No. 5.*)


**Question No. 5**:     If Plaintiff submitted a complete loan modification application, did Defendant record a Notice of Trustee's Sale before making a written determination on Plaintiff's loan modification application?

Answer:     _____ YES        _____ NO

(*Continue to Question No. 6.*)


**Question No. 6**:     After January 1, 2013, and before June 24, 2013, did Defendant provide Plaintiff with a single point of contact responsible for communicating the process by which Plaintiff could apply for a foreclosure prevention alternative and the deadline for any required submissions to be considered for these options?

Answer:     _____ YES        _____ NO

(*Continue to Question No. 7.*)

**Question No. 7**:    After January 1, 2013, and before June 24, 2013, did Defendant provide Plaintiff with a single point of contact responsible for coordinating receipt of all documents associated with a loan modification application and notifying Plaintiff of any missing documents necessary to complete the application?

Answer:    _____ YES       _____ NO

(*Continue to Question No. 8.*)


**Question No. 8**:    After January 1, 2013, and before June 24, 2013, did Defendant provide Plaintiff with a single point of contact responsible for having access to current information and personnel sufficient to timely, accurately, and adequately inform Plaintiff of the status of his loan modification application?

Answer:    _____ YES       _____ NO

(*Continue to Question No. 9.*)


**Question No. 9**:    After January 1, 2013, and before June 24, 2013, did Defendant provide Plaintiff with a single point of contact responsible for ensuring that Plaintiff was considered for a loan modification?

Answer:    _____ YES       _____ NO

(*Continue to Question No. 10.*)


*///*

*///*

*///*

*///*

3

**Question No. 10**:   After June 24, 2013, did Defendant make a written determination on Plaintiff's loan modification application?

Answer:   _____ YES      _____ NO

(*Sign, date, and return this verdict form.*)

Dated this _____ day of December, 2015.

_____
                                    PRESIDING JUROR

4