UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTHEL DENNIS BORING,<br><br>        Plaintiff,<br><br>  v.<br><br>NATIONSTAR MORTGAGE, LLC, a limited liability company,<br><br>        Defendant. | No.  2:13-cv-01404-GEB-CMK<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFF'S CLAIMS ALLEGED UNDER CALIFORNIA CIVIL CODE SECTIONS 2923.6 AND 2923.7** |

      A jury trial was held in this action on December 1, 2015, through December 4, 2015, on Plaintiff's breach of the implied covenant of good faith and fair dealing claim; the jury was advisory under Federal Rule of Civil Procedure 39(c)(1) on Plaintiff's equitable claims alleged under the California Civil Code section 2923.6 (dual tracking) and California Civil Code section 2923.7 (single point of contact) (collectively referred to as "equitable claims"). The jury returned a general verdict in Defendant's favor on Plaintiff's implied covenant of good faith and fair dealing claim and answered written questions concerning Plaintiff's equitable claims.

      The following findings of fact and conclusions of law issue under Federal Rule of Civil Procedure 52 on Plaintiff's equitable claims after considering the stipulated facts,

1

testimony, and documentary evidence presented at trial, and the jury's advisory answers to written questions.

## FINDINGS OF FACT

The undisputed facts stated in section 3 of the parties' Joint Pretrial Statement, (ECF No. 92), are facts the parties agreed during trial are undisputed and are incorporated herein.

Further, the jury gave the following advisory responses to the below questions, which are applicable to decision on Plaintiff's equitable claims; however, no deference is given to the advisory responses:

**Question No. 3:** Did Plaintiff submit a complete loan modification application to Defendant before June 24, 2013?

Answer: _____ YES    X    NO

**Question No. 6:** After January 1, 2013, and before June 24, 2013, did Defendant provide Plaintiff with a single point of contact responsible for communicating the process by which Plaintiff could apply for a foreclosure prevention alternative and the deadline for any required submissions to be considered for these options?

Answer:  X  YES    _____ NO

**Question No. 7:** After January 1, 2013, and before June 24, 2013, did Defendant provide Plaintiff with a single point of contact responsible for coordinating receipt of all documents associated with a loan modification application and

notifying Plaintiff of any missing documents necessary to complete the application?

Answer:  X  YES  ___ NO

**Question No. 8:** After January 1, 2013, and before June 24, 2013, did Defendant provide Plaintiff with a single point of contact responsible for having access to current information and personnel sufficient to timely, accurately, and adequately inform Plaintiff of the status of his loan modification application?

Answer:  X  YES  ___ NO

**Question No. 9:** After January 1, 2013, and before June 24, 2013, did Defendant provide Plaintiff with a single point of contact responsible for ensuring that Plaintiff was considered for a loan modification?

Answer:  X  YES  ___ NO

**Question No. 10:** After June 24, 2013, did Defendant make a written determination on Plaintiff's loan modification application?

Answer:  X  YES  ___ NO

(See General Verdict with Answers to Written Questions, ECF No. 120-1.)

Under the Federal Rules of Civil Procedure, the ultimate decision on liability concerning claims for which an advisory jury is empaneled is made by the judge with explicit findings of fact. I agree with the credibility determinations

3

evidenced by the jury's advisory answers to written questions, and adopt the advisory jury's answers to the above questions as my factual findings as follows:

Plaintiff did not submit a complete loan modification application to Nationstar before June 24, 2013.

After January 1, 2013 and before June 24, 2013, Nationstar provided Plaintiff with a single point of contact responsible for: communicating the process by which Plaintiff could apply for a foreclosure prevention alternative and the deadline for any required submissions to be considered for these options; coordinating receipt of all documents associated with a loan modification application and notifying Plaintiff of any missing documents necessary to complete the application; having access to current information and personnel sufficient to timely, accurately, and adequately inform Plaintiff of the current status of his loan modification application; and ensuring that Plaintiff was considered for all foreclosure prevention alternatives offered by Nationstar, if any.

Nationstar made a written determination on Plaintiff's loan modification application on January 22, 2014.

## CONCLUSIONS OF LAW

Nationstar did not violate California Civil Code section 2923.6(c).

Nationstar did not violate California Civil Code section 2923.7.

Pursuant to California Civil Code section 2924.12(c), Nationstar's review of Plaintiff's loan modification application and the resulting denial on January 22, 2014, corrected and

remedied any alleged violation of California Civil Code sections 2923.6 or 2923.7.

### JUDGMENT

In light of the jury's general verdict and the above findings of fact and conclusions of law, judgment shall be entered in Defendant's favor on Plaintiff's implied covenant of good faith and fair dealing claim in accordance with the general verdict filed on December 4, 2015, and shall be entered in Defendant's favor on Plaintiff's equitable claims in accordance with the findings of fact and conclusions of law in this order.

Dated: December 21, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

5