1

2

3

4                    UNITED STATES DISTRICT COURT

5                   EASTERN DISTRICT OF CALIFORNIA

6

7  CARTHEL DENNIS BORING,              No. 2:13-cv-01404-GEB-CMK

8             Plaintiff,

9     v.                              **ORDER GRANTING DEFENDANT'S**
                                      **MOTION FOR ATTORNEYS' FEES**
10  NATIONSTAR MORTGAGE, LLC,

11

12            Defendant.

13            Defendant Nationstar Mortgage, LLC ("Nationstar") seeks

14  attorneys' fees as the prevailing party in this lawsuit. Summary

15  judgment was entered in Nationstar's favor on certain issues, and

16  it prevailed on the remaining claims at trial.[1] (Notice of Mot. &

17  Nationstar's Mot. For Att'ys' Fees ("Mot."), ECF No. 125.) A jury

18  returned a general verdict in Nationstar's favor on Plaintiff's

19  breach of the implied covenant of good faith and fair dealing

20  claim, and the jury answered written questions on Plaintiff's

21  claims alleged under California Civil Code sections 2923.6 and

22  2923.7 submitted to the jury under Federal Rule of Civil

23  Procedure 39(c)(1), which authorizes use of an advisory jury on

24  claims that a trial judge is required to decide. (ECF Nos. 120-

25  1, 123.) The trial judge issued findings of fact and conclusions

26  of law in favor of Nationstar on Plaintiff's remaining claims

---

[1]     Nationstar also mentions costs in its attorneys' fees motion, but the
cost issue is not addressed herein since the procedure concerning costs is
prescribed in Local Rule 292. (See Mot. 9:23.)

1

1  alleged under California Civil Code sections 2923.6 and 2923.7.

2  (ECF No. 123.) Plaintiff opposes Nationstar's attorneys' fees

3  motion. (Pl.'s Opp'n to Mot. ("Opp'n"), ECF No. 126.)

4  <center>**I. DISCUSSION**</center>

5      **A.  Entitlement to Attorneys' Fees**

6          Nationstar argues its motion should be granted under

7  California Civil Code section 1717, contending this statute

8  "authorizes reasonable attorney fees '[i]n any action on a

9  contract, where the contract specifically provides that

10 attorney's fees and costs, . . . incurred to enforce [a]

11 contract[] shall be awarded either to one of the parties or to

12 the prevailing party.'" <u>Barrientos v. 1801-1825 Morton LLC</u>, 583

13 F.3d 1197, 1216 (9th Cir. 2009) (quoting Cal. Civ. Code

14 § 1717(a)). Nationstar argues both the Deed of Trust and the Note

15 signed by Plaintiff constitutes the contract underlying its

16 entitlement to recover attorneys' fees in this lawsuit. (Mot.

17 7:4-6, 20-21.)

18         Nationstar argues the following portion of the Deed of

19 Trust supports its motion for an award of attorneys' fees:

20         If (a) Borrower fails to perform the
   covenants and agreements contained in this
21         Security Instrument, [or] (b) there is a
   legal proceeding that might significantly
22         affect Lender's interest in the Property
   and/or rights under this Security
23         Instrument . . . Lender's actions can
   include, but are not limited to: (a) paying
24         any sums secured by a lien which has priority
   over this Security Instrument; (b) appearing
25         in court; and (c) paying reasonable
   attorneys' fees to protect its interest in
26         the Property and/or rights under this
   Security Instrument . . . .
27

28         Any amounts disbursed by Lender under this
   Section 9 shall become additional debt of

<center>2</center>

1
2
3

> Borrower secured by this Security Instrument.
> These amounts shall bear interest at the Note
> rate from the date of disbursement and shall
> be payable, with such interest, upon notice
> from Lender to Borrower requesting payment.

4

(Ex. A Deed of Trust § 9 at pp. 6-7, ECF No. 125-2.)

5
6

Nationstar also relies on the following language in the Note:

7
8
9
10
11

> If the Note Holder has required me to pay
> immediately in full as described above, the
> Note Holder will have the right to be paid
> back by me for all of its costs and expenses
> in enforcing this Note to the extent not
> prohibited by applicable law. Those expenses
> include, for example, reasonable attorneys'
> fees.

12

(Ex. B Note § 6(E) at p. 2, ECF No. 125-3.)

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff's operative Third Amended Complaint (TAC) consists of the following five claims alleged under California law: three California Civil Code claims, a California Unfair Competition Law claim, and a claim that Nationstar breached the implied covenant of good faith and fair dealing. (TAC, ECF No. 68.) These claims concerned Nationstar's interest in the property and bore on "the underlying validity of [Plaintiff's mortgage] obligation." Siligo v. Castellucci, 21 Cal. App. 4th 873, 878 (1994). Nationstar argues all "claims . . . challenge . . . its right to foreclose on the [subject] Property," (Mot. 8:2-3), and therefore the claims are within the scope of the attorney-fee provisions in the Deed of Trust and Note. California authority construing section 1717 has stated it "is settled that an obligation to pay attorneys' fees incurred in the enforcement of a contract includes attorneys' fees incurred in defending against a challenge to the underlying validity of the obligation."

3

1 <u>Siligo</u>, 21 Cal. App. 4th at 878 (internal quotation marks
2 omitted). Nationstar is the prevailing party, since it prevailed
3 on all claims in the TAC. Therefore, Nationstar is entitled to
4 recover reasonable attorneys' fees under section 1717(a).

5       However, Plaintiff argues Nationstar was not a
6 prevailing party before January 22, 2014, since during the
7 referenced time period Plaintiff obtained "injunctive relief"
8 against Nationstar under the California Homeowner Bill of Rights
9 (HBOR). (<u>See</u> Opp'n 1:12–18.) Specifically, Plaintiff argues since
10 he "obtained injunctive relief and [Nationstar] did not cure the
11 violations that formed the basis of the injunctive relief until
12 January 22, 2014, [Nationstar] should not be entitled to collect
13 its fees incurred from June 25, 2013, the date that Plaintiff
14 obtained injunctive relief, and January 22, 2014, the date . . .
15 [on which Nationstar] cured its violations of the HBOR." (Opp'n
16 1:20–24.)

17       Nationstar replies that the referenced injunctive
18 relief was a temporary restraining order, and "Nationstar
19 incurred fees between June 25, 2013[,] and January 22, 2014[,]
20 defending all of Plaintiff's claims, which were not limited to
21 the HBOR." (Nationstar's Reply ISO of Mot. ("Reply") 2:27–3:1,
22 ECF No. 127.)

23       Plaintiff has not shown that Nationstar is precluded
24 from recovering attorneys' fees incurred during the referenced
25 time period.

26    **B.    Reasonable Attorneys' Fees**

27       Section 1717(a) prescribes attorneys' fees are "fixed
28 by the court." Cal. Civ. Code § 1717(a). "[T]he trial court has

1  broad authority to determine the amount of a reasonable fee."

2  PLCM Grp. v. Drexler, 22 Cal. 4th 1084, 1095 (2000), as modified

3  (June 2, 2000). "[T]he fee setting inquiry in California

4  ordinarily begins with the 'lodestar,' i.e., the number of hours

5  reasonably expended multiplied by the reasonable hourly rate."

6  Id.

7  **1.   Reasonable Hours**

8  Nationstar submits billing entries itemizing the time

9  spent by its following attorneys: Edward Buell, Megan Kelly,

10  Laszlo Ladi, John Sullivan, Mary Kate Sullivan, and Mark Wraight;

11  and by its following paralegals: Gina Filice, Rozie Firoozabadi,

12  Jennifer Negrete, and Seana Tilton. (Ex. C, ECF No. 125-4.)

13  Plaintiff asserts the reimbursement hours Nationstar

14  seeks are unreasonable, arguing "the time expended on the Motion

15  to Dismiss the First Amended Complaint and the Motion to Dismiss

16  the Second Amended Complaint should be disallowed or, in the

17  alternative, substantially reduced." (Opp'n 2:18-21.) However,

18  Plaintiff has not shown that the referenced hours were

19  unreasonable.

20  Plaintiff also argues that the forty hours incurred by

21  Nationstar for preparation of its summary judgment motion are

22  "[un]reasonable given the matters at hand—a simple foreclosure

23  dispute." (Opp'n 2:23-24.) Plaintiff has not shown that these are

24  unreasonable.

25  Further, Plaintiff asserts that the billings of

26  Nationstar's attorneys Wraight and Ladi for time attending the

27  trial are unreasonable, arguing:

28  [O]n December 2, 2015, Mr. Wraight billed 8.5

5

1    hours for attending trial while Mr. Ladi
2    billed only 8 hours for attending trial,
     despite the fact that both individuals were
3    in trial for the same amount of time.
     Further, on December 3, 2015, Mr. Wraight was
4    only in trial for 6 hours while Mr. Ladi
     billed for 7.2 hours, despite the fact that
5    (1) both attorneys were in trial for the same
     amount of time and (2) trial on that date
6    began at approximately 10 [AM] and ended at
     approximately 2:00 [PM], for a maximum time
7    of 4 hours, not the 6 hours or 7.2 included
     in the bills.

8    (Opp'n 2:28–3:6.) Nationstar replies: "these time entries reflect

9    more than just time spent in the courtroom[,] and they include

10   time spent communicating with the client concerning the trial,

11   time spent preparing for Court, and time spent preparing for the

12   post-verdict hearing with the Court on December 3, 2015, among

13   others." (Reply 4:23–26.)

14         However, the referenced December 2–3, 2015, billing

15   entries state "Attend trial" without further elaboration, and

16   therefore do not reflect the communication and preparation work

17   Nationstar asserts is included in these entries. (Ex. C, Invoice

18   No. 419639.) Moreover, Nationstar has submitted separate billing

19   entries for time spent communicating with the client, preparing

20   for trial, and preparing for post-trial motions, (id.); this

21   indicates that some of the "Attend trial" hours are duplicative

22   of other entries. Nor has Nationstar explained in its December 2,

23   2015, billing entry why attorney Wraight attended trial for a

24   half hour longer than attorney Ladi. Further, on December 3,

25   2015, trial started at 9:00 AM, (ECF No. 117), and ended at

26   approximately 2:00 PM, totaling five hours. Therefore, the fees

27   requested for attorneys Wraight and Ladi are reduced as follows:

28   Wraight's time to attend trial on December 2, 2015, is reduced to

                                    6

1   eight hours; Wraight's time to attend trial on December 3, 2015,
2   is reduced to five hours; and Ladi's time to attend trial on
3   December 3, 2015, is reduced to five hours.

4   **2.   Reasonable Hourly Rate**

5   "The reasonable hourly rate is that prevailing in the
6   community for similar work." Drexler, 22 Cal. 4th at 1095. In
7   general, "the relevant community is the forum in which the
8   district court sits." Barjon v. Dalton, 132 F.3d 496, 500 (9th
9   Cir. 1997); accord Syers Props. III, Inc. v. Rankin, 226 Cal.
10  App. 4th 691, 700 (2014), reh'g denied (May 27, 2014), review
11  denied (Sept. 10, 2014) ("The determination of the 'market rate'
12  is generally based on the rates prevalent in the community where
13  the court is located."). The burden is on the party seeking fees
14  "to produce satisfactory evidence . . . that the requested rates
15  are in line with those prevailing in the community for similar
16  services by lawyers of reasonably comparable skill, experience
17  and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).

18  Nationstar seeks the following rates for its attorneys:
19  $320 for Buell; $275 for Kelly; $285 for Ladi; $410 for John
20  Sullivan; $350 for Mary Kate Sullivan; and $340 for Wraight.
21  (Decl. of Laszlo Ladi ISO of Mot ("Ladi Decl.") ¶ 25, ECF
22  No. 125-1.) It also seeks a $150 rate for each of its four
23  paralegals: Filice, Firoozabadi, Negrete, and Tilton. (Id.)

24  Ladi submits a declaration detailing the qualifications
25  and rates of each attorney who provided services in this lawsuit.
26  Plaintiff has not contested the rates Nationstar seeks.

27  Nationstar argues that the hourly rates it seeks are
28  consistent with the rates awarded in similar cases in this

district for legal services, citing <u>Hopkins v. Wells Fargo Bank,</u> <u>N.A.</u>, No. 2:13-umbia cv-444-WBS-CKD, 2014 WL 2987753, at *4 (E.D. Cal. July 1, 2014), <u>appeal dismissed</u> (Sept. 3, 2014), where the court awarded hourly rates ranging from $240 to $496 for attorneys, and $180 for paralegals, and <u>Becker v. Wells Fargo</u> <u>Bank, NA, Inc.</u>, No. 2:10-cv-2799-TLN-KJN, 2014 WL 7409447, at *8 (E.D. Cal. Dec. 30, 2014), <u>report and recommendation adopted</u>, No. 2:10-cv-2799-TLN-KJN, 2015 WL 509662 (E.D. Cal. Feb. 5, 2015), where the court awarded hourly rates ranging from $265 to $330 for attorneys. Nationstar has shown that the rates it seeks are reasonable.

Accordingly, the actual lodestar in this case is $135,017.50, calculated as follows:

| NAME | TITLE | HOURS | HOURLY RATE | FEE AMOUNT |
|------|-------|-------|-------------|------------|
| Buell | Associate | .1 | $320 | $32.00 |
| Kelly | Associate | .1 | $275 | $27.50 |
| Ladi | Associate | 263 | $285 | $74,955.00 |
| John Sullivan | Partner | .3 | $410 | $123.00[2] |
| Mary Kate Sullivan | Partner | 16.3 | $350 | $5,705.00 |
| Wraight | Partner | 136 | $340 | $46,240.00 |
| Filice | Paralegal | 4.2 | $150 | $630.00 |
| Firoozabadi | Paralegal | 1.5 | $150 | $225.00 |

---

[2]    Although Nationstar lists John Sullivan as billing $145, (Ladi Decl. ¶ 25), he actually billed .3 hours multiplied by a $410 hourly rate, which is $123 in attorney's fees.

8

| | | | | |
|---|---|---|---|---|
| Negrete | Paralegal | 26.1 | $150 | $3,915.00 |
| Tilton | Paralegal | 21.1 | $150 | $3,165.00 |

However, Nationstar has submitted the declaration of one of its attorneys in which its attorney declares that Nationstar's law firm discounted "the amounts . . . billed to Nationstar by $29,958.94 . . . to $106,218.06." (Ladi Decl. ¶ 23.) Since the total amount of attorneys' fees Nationstar seeks is less than the $135,017.50 lodestar calculated fee, it is evident that Nationstar's attorneys' fees request is reasonable. Therefore, Nationstar is awarded $106,218.06 for the attorneys' fees incurred in this lawsuit.

Nationstar seeks to add to this fee award the attorney's fees it incurred preparing its motion for attorneys' fees. Attorneys' "fees recoverable . . . include compensation for all hours reasonably spent . . . [and] necessary to establish and defend the fee claim." Serrano v. Unruh, 32 Cal. 3d 621, 639 (1982). Nationstar cites the declarations of Ladi in support of this portion of its motion where he avers the following reasonable fees are involved with the preparation of the motion and reply:

| NAME | TITLE | HOURS | HOURLY RATE | FEE AMOUNT |
|---|---|---|---|---|
| Ladi | Associate | 13.5 | $285 | $3,847.50 |

(Ladi Decl. ¶ 23; Supplemental Decl. of Laszlo Ladi ISO Mot. ¶ 3, ECF No. 127-1.) This portion of the request is reasonable and therefore granted.

9

1

## II.   CONCLUSION

2        For the stated reasons, Nationstar is awarded

3    $110,065.56 in attorneys' fees. In light of this ruling, and the

4    previous decisions in this lawsuit, the following judgment shall

5    enter:

6        Judgment is entered in favor of Nationstar on

7    Plaintiff's claims alleged under California Civil Code section

8    2924(a) and California Unfair Competition Law, since the order

9    filed on August 17, 2015, summarily adjudicated these claims in

10   favor of Nationstar. (ECF No. 88.) Judgment is entered in

11   Nationstar's favor on Plaintiff's implied covenant of good faith

12   and fair dealing claim in accordance with the jury's general

13   verdict filed on December 4, 2015. (ECF No. 123.) Judgment is

14   entered in Nationstar's favor on Plaintiff's California Civil

15   Code sections 2923.6 and 2923.7 claims in accordance with the

16   findings of fact and conclusions of law in the order filed on

17   December 21, 2015. (Id.) Lastly, the judgment includes

18   Nationstar's award of $110,065.56 in attorneys' fees.

19   Dated:  June 8, 2016

20

21   _____

22   GARLAND E. BURRELL, JR.
     Senior United States District Judge

23

24

25

26

27

28